325 So.2d 416 (1976)
BOSTON OLD COLONY INSURANCE COMPANY, a Foreign Corporation, Petitioner,
v.
Raul GUTIERREZ, Respondent.
No. 75-1483.
District Court of Appeal of Florida, Third District.
January 20, 1976.
Rehearing Denied February 11, 1976.
Corlett, Merritt, Killian & Sikes and Tully Scott, Miami, for petitioner.
Sams, Anderson, Alper & Post and Frank B. Pridgen, Miami, for respondent.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This cause is before us on a petition for writ of certiorari filed by Boston Old Colony Insurance Company, defendant in the trial court, seeking review of an order granting a motion to compel discovery.
The question presented for our consideration in this case is whether a lawyer hired by an insurance company to defend the company and its insured in an action which results in a verdict in excess of the policy limits (and a judgment against the insured personally) may be deposed and required to *417 produce the file in a later action for "bad faith" brought by the original plaintiff.
There is no question that had the defendant-insured, Bruce E. Brown, brought a bad faith action against his insurer, co-defendant, Old Colony, Brown would have been entitled to discovery as the attorneys represented both Old Colony and Brown. The quaere then, is whether Raul Gutierrez, as the initial party plaintiff, without an assignment of Brown's rights, can compel discovery from the defendants' attorneys.
The facts of this case as set out in the complaint are that the plaintiff, Gutierrez, sustained serious injuries in an automobile accident. He filed suit against the negligent party, Brown, and Brown's insurer, Boston Old Colony Insurance Company. Brown had reported the accident and complied with all other conditions of his policy. Gutierrez offered to settle the claim for $10,000, the policy limit, but Boston Old Colony refused. Following a jury trial, a verdict and judgment were entered in the amount of $1,418,350.16. Boston Old Colony paid $10,000 in partial satisfaction of the judgment. In this action, Gutierrez seeks to recover the balance of the judgment from Boston Old Colony due to its alleged negligence and bad faith in failing to settle for the policy limits and thereby causing a judgment to be entered against Brown.
The attorneys who were retained by Boston Old Colony to represent both Boston Old Colony and Brown, its insured, in the original action were subpoenaed duces tecum for deposition to bring their respective files concerning the accident litigation. They refused to testify and refused to produce their files for inspection by the plaintiff. Following five months of procedural skirmishing, the trial court entered an order compelling the attorneys to comply. In this petition for certiorari, the defendant contends that to compel oral deposition by the attorneys and production of the files will cause a breach of the lawyer-client privilege of confidentiality.
In Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, the Florida Supreme Court established the doctrine that an insured has the right to recover against his insurer because of the latter's bad faith in failing to settle a claim against its insured within policy limits. In extending the Shingleton doctrine, the Florida Supreme Court held, in Thompson v. Commercial Union Insurance Company of New York, Fla. 1971, 250 So.2d 259, that a plaintiff in a personal injury action who obtained a judgment against a defendant in excess of the defendant's insurance coverage could bring an action for bad faith against the insurance company without an assignment from the defendant insured on the third party beneficiary theory. It is well established that a third person can enforce a contract entered into between others for his benefit. See 81 A.L.R. 1279. As a third party beneficiary of the insurance policy, Gutierrez stands in the same posture as that of Brown, the insured. Just as Brown would be entitled to discovery, including deposition and production of files by the attorneys, since both he (Brown) and Boston Old Colony were their clients, Gutierrez has the same right of discovery in furtherance of the preparation of his case.
The petition for a writ of certiorari is denied.
PEARSON, Judge (concurring specially).
I concur in the decision reached only because I do not feel that the question of privilege is reached in this matter. There is no doubt that the lawyers must appear and that they may be examined. The extent of that examination is, I think, an open question.