326 So.2d 241 (1976)
Brainard STONE and Beulah Stone, Petitioners,
v.
TRAVELERS INSURANCE COMPANY, Respondent.
No. 75-1108.
District Court of Appeal of Florida, Third District.
February 3, 1976.
*242 Wolfson, Diamond & Logan, Joe N. Unger, Miami Beach, for petitioners.
High, Stack, Davis & Lazenby and Alan R. Dakan, Adams, George, Wood, Lee & Schulte, Miami, for respondent.
Before PEARSON, HENDRY and NATHAN, JJ.
NATHAN, Judge.
This is a petition for writ of certiorari filed by the plaintiffs, Brainard Stone and Beulah Stone, for review of an order sustaining the objections of the defendant, Travelers Insurance Company, to a request for production in an action for bad faith in failing to settle a personal injury action within policy limits. As a result of failure to settle, the Stones obtained a judgment for damages for personal injuries in an amount exceeding the policy limits.
In this action for bad faith against Travelers, the plaintiffs requested production of Travelers' complete file regarding the personal injury case. Objections were made, and the court ordered Travelers to produce all materials which it did not deem work product, with the remainder of the file to be presented to the court for an in camera determination as to discoverability. Subsequently, it was then ordered that the materials inspected by the court should not be produced. The plaintiffs moved for a list identifying all of the materials which had been excluded from production. A list was produced showing documents dated subsequent to final judgment in the original suit and prior to institution of this suit for bad faith. Plaintiffs then requested production of each document on the list. Travelers objected, the objections were sustained, and this petition for certiorari ensued.
Travelers contends that the documents are work product and thus privileged, but concedes that the matters are not subject to any other privilege. See Boston Old Colony Insurance Company v. Gutierrez, Fla.App., 325 So.2d 416, opinion filed January 20, 1976. The plaintiffs contend that the materials cannot be work product because work product is defined as matters in preparation for trial whereas the documents sought to be discovered are mere business records and not in preparation for trial of the bad faith suit.
*243 It is clear that in an action for bad faith against an insurance company for failure to settle a claim within policy limits, all materials, including documents, memoranda and letters, contained in the insurance company's file, up to and including the date of judgment in the original litigation, should be produced. We reach this holding because of the very nature of a bad faith action and the posture of the parties involved.
In defending personal injury litigation, an insurance company participates not only on behalf of itself, but also on behalf of its insured. Since the plaintiff-judgment creditor stands in the same posture as the insured,[1] entitlement to all materials and documents up to and including the date of the judgment, is extended to him.
Memoranda, letters and all other documentation and materials in the file which were prepared between the time of judgment in the original action and institution of the bad faith suit, are subject to production upon a showing of good cause,[2] or pursuant to an order of the court following an in camera inspection, if such inspection is ordered.
In the instant case, the request for production alleges good cause. However, following an in camera inspection by the trial court, it was determined that the documents between the date of judgment and commencement of the bad faith case, were not material or relevant. There being nothing in the record to show that they are material or relevant, we find that the trial court did not err in excluding them from production.
In cases such as this, where there has been an in camera inspection, a proper procedure to follow would be to move the trial court for an order transmitting, under seal to the appellate court, the documents which were inspected in camera, for appellate review.
Certiorari denied.
PEARSON, J., concurs in the decision to deny certiorari only.
NOTES
[1] Boston Old Colony Insurance Company v. Gutierrez, supra.
[2] Rules 1.280 and 1.350, RCP.