330 So.2d 805 (1976)
Joyce C. KOKEN and James N. Koken, Her Husband, Petitioners,
v.
AMERICAN SERVICE MUTUAL INSURANCE COMPANY, INC., a Foreign Corporation, Respondent.
No. 75-1399.
District Court of Appeal of Florida, Third District.
April 27, 1976.
Baxter, Friedman, Robbins & Fischer, North Miami Beach, for petitioners.
Robert W. Hervey, Coral Gables, for respondent.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
*806 PER CURIAM.
Petitioners Joyce and James Koken by way of certiorari seek review of an order granting defendant insurer's motion for protective order in an action for bad faith in failing to settle a personal injury action within policy limits.
Having sustained injuries as a result of an automobile accident, Llewellyn Price filed suit against Joyce and James Koken and their liability insurer[1], American Service Mutual Insurance Company, and received a jury verdict for $18,750 which was $8,750 in excess of petitioners' policy limits. Thereafter the Kokens filed the instant action against their insurer American Service Mutual, the respondent, for allegedly exercising bad faith in refusing to settle within the $10,000 policy limit. During discovery petitioners served a subpoena duces tecum for deposition on respondent's attorney who also represented the petitioners in the litigation with Pierce. The subpoena requested the entire file pertaining to the claim of Pierce v. Koken, Case No. 73-25230 including all papers furnished by the adjuster of the respondent insurer and all correspondence, recommendations, etc. contained in the attorney's file relating to the Pierce-Koken lawsuit. Pursuant to RCP 1.280(c) respondent insurer filed a motion for protective order on the grounds, inter alia, that the materials sought by petitioners are privileged pursuant to the attorney/client relationship and constitute work product. After hearing, the trial judge entered an order requiring the production of all carbon copies in the attorney's file that were mailed to persons, firms or corporations other than the respondent insurer. With respect to the remaining items in the file, the trial judge after an in camera inspection entered the following protective order which reads in pertinent part:
"ORDERED AND ADJUDGED that Defendant's Motion for Protective Order is hereby granted as to communications and correspondence contained in Defendant's file between the attorney of record for Defendant and the Defendant in Case No. 73-25230, Pierce v. Koken, et al; as such papers pertain to the work product of said attorney and are not calculated to lead to discovery of admissible evidence."
Petitioners filed the instant petition for writ of certiorari for review of this protective order.
The recently established rule in this jurisdiction is that in an action for bad faith against an insurance company for failure to settle a claim within policy limits, because of its very nature and the posture of the parties involved, all materials, including documents, memoranda, and letters contained in the insurance company's file, up to and including the date of judgment in the original litigation, should be produced. Stone v. Travelers Insurance Company, Fla.App. 1976, 326 So.2d 241. See also Boston Old Colony Insurance Company v. Gutierrez, Fla.App. 1976, 325 So.2d 416; State Farm Mutual Automobile Ins. Co. v. Barczak, Fla.App. 1974, 296 So.2d 493; Bell v. Commercial Insurance Co. of Newark, N.J., 280 F.2d 514 (3rd Cir.1960) and Annot., 22 A.L.R.2d 659 (1952).
Accordingly, the protective order herein appealed is reversed and the cause remanded to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] Pierce v. Koken, Case No. 73-25230.