397 So.2d 394 (1981)
AGRI-BUSINESS, INC. and Florida Farm Bureau Insurance Company, Petitioners,
v.
Calvin BRIDGES, Respondents.
No. WW-411.
District Court of Appeal of Florida, First District.
April 22, 1981.
*395 Marjorie D. Gadarian, of Jones & Foster, West Palm Beach, for petitioners.
J.J. Goodmark, of Goodmark & Goodmark, West Palm Beach, for respondents.
PER CURIAM.
The court has considered the petition for writ of common law certiorari, the response to the petition and the reply to that response. Petitioners seek review of an order of the deputy commissioner compelling the disclosure of the carrier's entire case file on the ground the file may contain evidence of the carrier's bad faith in the handling of the claim. Respondent argues that since there is no case law in the area of bad faith in workman's compensation cases, excess liability of insurance carrier cases involving bad faith or recklessness are analogous. With this we disagree. In an excess liability case the insurance company participates not only on its own behalf, but also on behalf of its insured. Therefore, the insured is entitled to all materials and documents prepared by the insurance company while acting on behalf of the insured. Stone v. Travelers Insurance Company, 326 So.2d 241 (Fla. 3d DCA 1976). No such relationship exists between the claimant and the carrier in a workman's compensation case. Therefore, the excess liability insurance cases are not analogous.
Respondent points out that when a party requesting production demonstrates a compelling necessity for the documents to be exhibited in order to reach the merits of the case, disclosure of the work product of an opposing party may be compelled. Such a necessity may be established by showing that: (1) the underlying evidence has been damaged, disassembled, changed, or is inaccessible to the same examination by respondent; (2) that the withholding of the information and the documents sought would defeat the interest of justice; or (3) that the information is not as readily available to respondent as it was to petitioner. Travelers Insurance Company v. Fields, 262 So.2d 222 (Fla. 1st DCA 1972). The record in the present case clearly reflects that no such showing was made before the deputy commissioner. Therefore, there is no competent substantial evidence which can support the deputy commissioner's finding that the present case falls within an exception to the work product exclusionary rule.
The order compelling discovery is quashed and the case remanded to the deputy commissioner for proceedings consistent with this opinion.
WENTWORTH, J., and LILES, WOODIE A. (Ret.), Associate Judge, concur.
JOANOS, J., concurring specially.
JOANOS, Judge, concurring specially.
I agree with the majority that work product is not subject to discovery except upon a *396 showing of compelling necessity as set out in Travelers Indemnity Company v. Fields, 262 So.2d 222 (Fla. 1st DCA 1972). However, I would suggest that in a proceeding seeking attorney's fees based upon an allegation of bad faith in a workers' compensation case, the claimant should also be required to make some preliminary showing that there is reasonable cause to believe that bad faith has occurred.