405 So.2d 1361 (1981)
TRAVELERS INSURANCE COMPANY, an Insurance Corporation, Petitioner,
v.
Lillian HABELOW, Individually and As Guardian On Behalf of Benjamin Habelow, Incompetent, Respondent.
No. 81-874.
District Court of Appeal of Florida, Fifth District.
November 18, 1981.
*1362 Ronald L. Harrop of Gurney, Gurney, & Handley, P.A., Orlando, for petitioner.
William G. Osborne of Robertson, Williams, Duane, Lewis & Ranson, P.A., Orlando, for respondent.
COBB, Judge.
The petitioner, Travelers, seeks common-law certiorari to the Orange County Circuit Court, which rendered an order on July 6, 1981, directing the petitioner to produce for inspection by the claimant below all matters contained in its workmen's compensation claim file, including attorney-client communications. Travelers asks that this discovery order be quashed insofar as it encompasses such communications, relying on Skorman v. Hovnanian of Fla., Inc., 382 So.2d 1376 (Fla. 4th DCA 1980), and Roberts v. Jardine, 366 So.2d 124 (Fla. 2d DCA 1979). See also § 90.502, Fla. Stat. (1979).
The trial court's order apparently was predicated on Stone v. Travelers Insurance Company, 326 So.2d 241 (Fla.3d DCA 1976), a "bad faith" case. This reliance was misplaced because in defending a personal injury action on behalf of its insured, as in Stone, the attorney for the carrier is also the attorney for the insured and a fiduciary relationship exists which is not present in the instant situation. Cf. Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973), cert. discharged, 317 So.2d 725 (Fla. 1975). Here, the petitioner and the respondent are in an adversarial contract dispute.
The respondent also asserts that the attorney-client privilege has been waived by the petitioner. This argument was not presented to the trial court and was not the basis for that court's ruling. Moreover, the record before us does not support this argument.
Accordingly, we grant the petition and herewith quash the discovery order entered by the trial court on July 6, 1981, insofar as it encompasses attorney-client communications. See West Volusia Hosp. Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975).
FRANK D. UPCHURCH, Jr., concurs.
DAUKSCH, C.J., dissents with opinion.
DAUKSCH, Chief Judge, dissenting:
I respectfully dissent. The operative paragraph of the trial court order as it reads in its entirety is as follows:
2. Plaintiffs' Request to Produce any and all claims files from either the home, branch, or district office pertaining to the workmen's compensation claim of Plaintiff, Benjamin Habelow, and production of any and all investigative, correspondence, or payment files and any and all other files which pertain to the Plaintiffs' workmen's compensation claim, is hereby granted and defendant has 7 days to comply.
*1363 Because the order of the trial judge does not require the production of attorney-client communications and because the defendant never objected to the production of the discovery matters specifically on the basis of attorney-client privilege, I suggest we should not take jurisdiction in certiorari.
Thus, whether or not this case is analagous to a "bad-faith" case is not a question for us to decide. We should decide it only after the question is first and squarely put before and decided by the trial court upon proper objection by the defendant.
I would deny certiorari.