421 So.2d 783 (1982)
UNITED STATES FIRE INSURANCE COMPANY, a Foreign Corporation, Petitioner,
v.
CLEARWATER OAKS BANK, a Florida Banking Corporation, Respondent.
No. 82-1609.
District Court of Appeal of Florida, Second District.
November 10, 1982.
Rehearing Denied December 3, 1982.
Leslie King O'Neal of Markel, Scott, McDonough & O'Neal, P.A., Orlando, for petitioner.
William L. Lyman, Clearwater, for respondent.
*784 GRIMES, Acting Chief Judge.
This is a petition for writ of certiorari to review a discovery order.
The petitioner (U.S. Fire) issued a blanket bond on behalf of the respondent (bank). The bank subsequently suffered a loss as a result of giving value to a customer for checks issued on a nonexistent bank in the West Indies. The bank made a claim for the loss under the bond. When U.S. Fire refused to pay the claim, the bank brought suit. In its complaint, the bank sought compensatory damages for its loss and punitive damages for U.S. Fire's "bad faith" in arbitrarily refusing to pay the claim. U.S. Fire's motion to strike the claim for punitive damages was denied.
The bank sought the production of various records from U.S. Fire. Over objection, the court entered an order compelling the production of records falling generally into two categories: (1) U.S. Fire's file involving the claim at issue in the lawsuit; and (2) U.S. Fire's files with respect to claims and lawsuits against U.S. Fire by third parties under similar blanket bonds. We hold that the order requiring the production of these records constituted a departure from the essential requirements of law from which there would be no adequate remedy by appeal. See Manatee County v. Estech General Chemicals Corp., 402 So.2d 75 (Fla. 2d DCA 1981).
In a bad faith suit against an insurance company for failure to settle within the policy limits, the plaintiff may obtain discovery of the original claim file. Stone v. Travelers Insurance Co., 326 So.2d 241 (Fla. 3d DCA 1976). On the other hand, the plaintiff cannot compel disclosure of the carrier's work product, its claim file, where the cause of action is a first party claim for coverage under the policy. Agri-Business v. Bridges, 397 So.2d 394 (Fla. 1st DCA 1981). The reason for the distinction is that a claim for bad faith will lie when a carrier fails properly to perform its fiduciary obligation to defend, but a claim for bad faith cannot be prosecuted where the parties simply disagree over whether the claim is covered by the policy. In the latter case, the parties occupy a debtor-creditor relationship, and the insurance company does not commit a separate tort by refusing to pay the claim. Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973).
Notwithstanding, the bank points out that U.S. Fire's motion to strike the claim for punitive damages was denied. Since the propriety of this nonfinal order cannot be reached by appeal at this juncture, the bank asserts that it is entitled to the records because the issue of bad faith is still in the case. The parties were in the same posture in Allstate Insurance Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976). Yet, despite the existence of a pending punitive damage claim for failure to pay a fire insurance loss, the court granted certiorari from an order which compelled discovery of the carrier's claim file. In the same manner, we do not now pass upon the order which declined to strike the claim for punitive damages; we simply hold that the bank cannot obtain discovery of U.S. Fire's claim file because the nature of the bank's claim against U.S. Fire precludes the possibility of recovering punitive damages.
We find U.S. Fire's resistance to furnishing other claim files equally persuasive. The test is whether the requested discovery appears reasonably calculated to lead to admissible evidence. Everglades Protective Syndicate v. Makinney, 391 So.2d 262 (Fla. 4th DCA 1981). The bank has not shown how details concerning the manner in which U.S. Fire handled third parties' claims on similar bonds could be remotely relevant to the disposition of the instant claim which must necessarily be decided upon its own peculiar facts.
We grant certiorari and quash the order compelling discovery.
RYDER and CAMPBELL, JJ., concur.