423 So.2d 428 (1982)
Virginia E. CAVALERE, David T. Cavalere and Allstate Insurance Company, Petitioners,
v.
John Russell GRAHAM, Respondent.
No. 82-1139.
District Court of Appeal of Florida, Fifth District.
November 24, 1982.
Rehearing Denied December 20, 1982.
Robert W. Mixson of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Orlando, for petitioners.
H. Scott Bates of Richard W. Bates, P.A., and Robert J. Buonauro, Orlando, for respondent.
*429 COBB, Judge.
Petitioners, Virginia E. Cavalere, David T. Cavalere and Allstate Insurance Company, seek a writ of certiorari to review an order of the circuit court which granted respondent John Russell Graham's motion to compel discovery from an adjuster for petitioner insurance company.[1] We grant the petition for certiorari and quash the discovery order.
The lower court order compels the adjuster to answer questions propounded to her at a deposition, which were certified to the court following the deponent's refusal to answer. Additionally, the order requires the production of Allstate's complete file pertaining to Graham's claim arising out of the auto accident.
An investigator employed by a party may not be required to produce the work product of his investigation except in unusual circumstances constituting compelling necessity for the discovery in order to reach the merits of the cause. Shawmut Van Lines, Inc. v. Small, 148 So.2d 556 (Fla. 3d DCA 1963). See also Seaboard Air Line Railroad Co. v. Timmons, 61 So.2d 426 (Fla. 1952). The respondent has not presented any evidence in the record showing a compelling necessity for discovery. See Fla.R. Civ.P. 1.280(b)(2).
Graham claims that an exception is present based on the line of cases allowing for discovery in actions for bad faith against an insurance company for failure to settle within policy limits. This contention is spurious because this is not a bad faith case. Graham and Allstate had in fact settled the claim. Furthermore, no fiduciary relationship has existed at any time between Graham and Allstate, nor is this a situation wherein there is an implicit assignment of a cause of action by the insured to the third-party plaintiff. See Thompson v. Commercial Union Ins. Co. of N.Y., 250 So.2d 259 (Fla. 1971); Boston Old Colony Ins. Co. v. Gutierrez, 325 So.2d 416 (Fla. 3d DCA), cert. denied, 336 So.2d 599 (Fla. 1976).
The lower court's order requiring discovery departs from the essential requirements of the law. Therefore, the Petition for Writ of Certiorari is granted, and the order compelling discovery is quashed.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] The initial cause arose from a negligence action brought by Graham for injuries he received in an auto accident while a passenger in the Cavalere vehicle. Allstate (the insurer) answered by claiming accord and satisfaction in that Graham's claim had been settled. Graham then responded by alleging bad faith in the settlement of the claim.