MILLS, Judge.
Utica petitions for a writ of certiorari, contending the trial court erred in issuing its order compelling Utica to produce its claims file for inspection by Croft, the plaintiff below. We agree and quash the order compelling discovery.
Croft was the owner of a policy issued by Utica insuring a machine owned by Croft against loss by fire. After the machine was damaged by fire, a dispute arose over whether Utica was obligated to pay under the terms of the policy. Croft filed suit.
*197 A request to produce was filed by Croft, requesting that Utica produce for his inspection the contents of its claims file. Uti-ca objected, contending that the matters contained in the file were protected from discovery by the work product doctrine. Following an in camera inspection, the trial court found that the file “contains nit privileged matters and should be made available for inspection by Counsel for the Plaintiff.”
Our examination of the contents of the claims file reveals that it contains the personal thoughts of Utica’s employees regarding evaluation of the claim and possible settlement offers. The work product doctrine clearly was designed to protect matters such as these from discovery. United States Fire Insurance Company v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA 1972). The trial court erred in issuing its order compelling discovery.
Certiorari is granted and the order compelling discovery is quashed.
BOOTH and SHIVERS, JJ., concur.