COBB, Judge.
This is the second appearance before this court of the same matter. The facts giving rise to this controversy show that the respondent, John Russell Graham, was a passenger in an automobile driven by David T. Cavalere, owned by Virginia E. Cavalere, and insured by Allstate Insurance Company, the latter three parties being the petitioners for certiorari herein and in the prior petition resulting in our opinion in Cavalere v. Graham, 423 So.2d 428 (Fla. 5th DCA 1982).
As a result of the collision between the Cavalere vehicle and another, Graham sued the Cavaleres and Allstate. These defendants answered by claiming accord and satisfaction in that Graham’s claim had been settled. Graham filed an amended reply to the affirmative defense, which purported to assert fraud, estoppel, and failure of consideration in regard to the alleged release. The fraud alleged by Graham was that Allstate did not tell him how bad his injuries were and settled his claim for less than it was worth. The alleged estoppel was that Graham was without counsel at the time *757 and Allstate was more knowledgeable about the settlement of claims than he was, and knew his claim was worth more than he was paid, based on the factor of liability and the extent of his injuries. Graham also claimed a failure of consideration on the basis that he returned the money paid to him for the release some eight days after its execution.
With the issues thus framed, Graham, through discovery, sought production of Allstate’s complete file pertaining to his claim and propounded questions to Allstate’s investigator pertaining to that defendant’s work product. The trial judge, the Honorable Frederick Pfeiffer, entered an order, over defense objection, granting the discovery and the petitioners sought certiorari review from that order. In our opinion in Cavalere quashing Judge Pfeif-fer’s prior order, we wrote:
An investigator employed by a party may not be required to produce the work product of his investigation except in unusual circumstances constituting compelling necessity for the discovery in order to reach the merits of the cause. Shawmut Van Lines, Inc. v. Small, 148 So.2d 556 (Fla. 3d DCA 1963). See also Seaboard Air Line Rail-Road Co. v. Timmons, 61 So.2d 426 (Fla.1952). The respondent has not presented any evidence in the record showing a compelling necessity for discovery. See Fla.R.Civ.P. 1.280(b)(2).
Graham claims that an exception is present based on the line of cases allowing for discovery in actions for bad faith against an insurance company for failure to settle within policy limits. This contention is spurious because this is not a bad faith case. Graham and Allstate had in fact settled the claim. Furthermore, no fiduciary relationship has existed at any time between Graham and Allstate, nor is this a situation wherein there is an implicit assignment of a cause of action by the insured to the third-party plaintiff. See Thompson v. Commercial Union Ins. Co. of N.Y., 250 So.2d 259 (Fla.1971); Boston Old Colony Ins. Co. v. Gutierrez, 325 So.2d 416 (Fla. 3d DCA), cert. denied, 336 So.2d 599 (Fla.1976).
423 So.2d at 429.
On remand, with no further presentation of evidence and no amendment of the pleadings, counsel for the plaintiffs simply returned to Judge Pfeiffer, claiming “compelling necessity.” The judge then issued another order for essentially the same discovery, this time inserting a token finding of “compelling necessity.”
What counsel for the plaintiff and the trial judge seemingly failed to comprehend, despite our prior opinion, is that this is not a bad faith case. Allstate had no fiduciary duty to Graham. It was not obligated to advise him of the extent of his own injuries, its evaluation of liability, or the value of his claim. He was the adverse party. Allstate’s duty was to the Cavaleres. If Graham was incompetent for any reason to execute a valid release, this fact cannot be discovered in Allstate’s files. Indeed, such incompetency is not even alleged in the plaintiff’s reply. Nor is it factually alleged that the release was obtained or induced by any fraudulent misrepresentations. The alleged fraud is Allstate’s silence, in regard to matters in which it was entitled to remain silent insofar as it was dealing with Graham and not its own insureds.
At this point in the pleadings, Graham’s reply shows only that he made a bad deal when he settled and now wishes he had known better and wishes that Allstate had told him so. To characterize this as a bad faith case shows a complete misapprehension of that concept.
The order of the trial judge granting discovery is quashed — again. This cause is remanded for further proceedings consistent with this opinion.
QUASHED and REMANDED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.