PER CURIAM.
We grant the petition for writ of certio-rari and quash the order compelling petitioner to produce certain portions of its claim file. Our decision is controlled by United States Fire Ins. v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982), which held that a plaintiff cannot compel disclosure of the carrier’s work product, its claim file, where the cause of action is a first party claim for coverage under the policy. Accord West American Ins. Co. v. Neva Products, Inc., 11 F.L.W. 1046 (Fla. 2d DCA May 2, 1986); Alachua General Hosp. v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981); Agri-Business, Inc. v. Bridges, 397 So.2d 394 (Fla. 1st DCA 1981); Shawmut Van Lines, Inc. v. Small, 148 So.2d 556 (Fla. 3d DCA 1963). Accordingly, we direct the court to enter an order consistent with this opinion.
CERTIORARI GRANTED.
ANSTEAD, DELL and WALDEN, JJ., concur.