506 So.2d 497 (1987)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Arthur Russell SWANSON, As Personal Representative of the Estate of Christina Ann Swanson, Respondent.
No. 86-2187.
District Court of Appeal of Florida, Fifth District.
May 7, 1987.
Alan J. Landerman, Lori J. Caldwell and Fleming Lee, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, A Professional Ass'n, Orlando, for petitioner.
Charles R. Stack, of High, Stack, Lazenby & Palahach, Coral Gables, and R. Keith Williams, of High, Stack, Lazenby, Palahach, Maxwell & Williams, Melbourne, for respondent.
SHARP, Judge.
Allstate Insurance Company seeks certiorari review of an order compelling discovery of its entire claim file, including work product and privileged matters. We have jurisdiction, Fla.R.App.P. 9.030(b)(2)(A), and we issue a writ quashing the discovery order on the grounds that the trial court departed from the essential requirements of law in compelling disclosure of privileged materials.[1]
*498 This matter commenced with a wrongful death action against William and Pamela Lord by Arthur Swanson, as personal representative of his child, Christina, who drowned in a swimming pool while in the care and custody of the Lords. Allstate had issued a homeowner's policy to Homer and Grace Taylor, who owned the premises where the pool is located, but Allstate denied any coverage for the Lords, and refused to defend the wrongful death action against the Lords.
The Lords assigned any cause of action they might have had against Allstate to Swanson. Swanson's present suit against Allstate sought to establish a breach of contract to provide coverage to the Lords, estoppel, and a bad faith claim for failure to settle within the policy limits. However, when the discovery order was entered there was no determination in this suit (or in the prior wrongful death action) that coverage for the Lords existed under Allstate's policy.
In a bad faith suit against an insurance company for failure to settle within the policy limits, a plaintiff may obtain discovery of the insurer's complete original claim file, including work product and privileged matters. See Stone v. Travelers Insurance Company, 326 So.2d 241 (Fla. 3rd DCA 1976). However, if the suit is simply to establish a right of recovery, the plaintiff cannot compel disclosure of privileged matters. See Allstate Insurance Company v. Podhurst, 491 So.2d 1222 (Fla. 4th DCA 1986), Agri-Business, Inc. v. Bridges, 397 So.2d 394 (Fla. 1st DCA), review denied, 407 So.2d 1102 (Fla. 1981). The rationale for this distinction is that a claim for bad faith will lie when a carrier fails to properly perform its fiduciary duty to defend, but a claim for bad faith cannot be prosecuted when the parties simply disagree over the coverage issue. In such a case, the insurance company does not commit a separate tort by refusing to pay the claim. See U.S. Fire Insurance Company v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982).
Where, as in this case, the issue of coverage is combined with the issue of bad faith, the same result should follow. Swanson, stepping by assignment into the shoes of the claimed insureds, has no more right to discovery in bringing the bad faith claim than did the Lords. This situation is analogous to a "first party" claim for coverage. Until the right of coverage is first established, a plaintiff claiming to be an insured cannot compel disclosure of the insurer's work product and privileged matters in its claims file. See Travelers Insurance Company v. Habelow, 405 So.2d 1361 (Fla. 5th DCA 1981); Allstate Insurance Company v. Shupack, 335 So.2d 620 (Fla. 3rd DCA 1976). Otherwise, the discovery rule established by the courts in these cases could be circumvented by simply combining the two causes of action. Accordingly, we issue the writ and quash the discovery order.
WRIT ISSUED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] See Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981).