PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the Circuit Court for Escambia County granting the motion of United States Fire Insurance Company (respondent herein) to disqualify counsel of record for Morrison Assurance Company (petitioner herein) and partially granting respondent’s motion to compel discovery.
Briefly, the facts are as follows. Plaintiff/petitioner, Morrison Assurance Company, is an excess carrier who has brought a bad faith action against defendant/respondent, U.S. Fire Insurance Company, for failure to settle a personal injury case within its policy limits of $500,000. The underlying case, Mills v. Daniel Ornamental Iron Company, was tried by jury in Escambia County and resulted in a judgment in the amount of $863,286.56. Plaintiff Morrison in the instant case is being represented by attorneys Lefferts Mabie and James A. Hightower of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell. Plaintiff Mills in the underlying case was also represented by the Levin, Warfield firm, through Lefferts Mabie and Daniel Scarritt. Scarritt has since retired from the Levin, Warfield firm.
U.S. Fire filed its first motion to disqualify Morrison’s counsel on the basis of D.R. 5-101(B) and 5-102(A) and (B). Judge Blanchard denied the motion and this court denied U.S. Fire’s petition for writ of certiorari. (Case No. BM-297). Subsequent to the first motion to disqualify the counsel, Judge Blanchard recused himself from the case, and discovery was taken. As a result of Morrison’s answers to interrogatories, in which Morrison listed both Scarritt and Mabie as two of five persons with knowledge of Morrison’s allegations, and of the depositions of Mabie and Scarritt, U.S. Fire filed a second mo *996 tion to disqualify. Hearing was held at which Judge Geeker stated that the motion would be granted if U.S. Fire could affirmatively represent that it would call Mr. Mabie as a witness at trial. After receiving such notification from the respondent, the court entered the order granting the motion to disqualify. Morrison then filed the instant petition for writ of certiorari.
Also at issue is the order partially granting U.S. Fire’s motion to compel production of discovery, and ordering Morrison to produce all of its Florida files in which it was either a primary or excess carrier for the years 1980 through 1982.
The order of the trial court granting the motion to disqualify is in part as follows:
[T]he Court received the affirmative representation by counsel for United States Fire Insurance Company that it would call Lefferts Mabie, Esq. as a witness. The Court affirmatively notes and finds there is no evidence of impropriety or wrongdoing by plaintiff’s counsel in undertaking representation of plaintiff. Mindful, however, of the teachings of Canon 9 and the desire to avoid the appearance of impropriety that could engender in these proceedings, the Court concludes disqualification of counsel is warranted. In having plaintiff’s counsel as a witness in this action, the attorney’s credibility as a witness could be questioned; consequently, prejudice could result to the client if the jury disbelieved his testimony or questioned his motives in the manner he testified. Thus, his effectiveness as an advocate for his client might be impaired.
We have reviewed the record before us, including the depositions of the attorney in question and find no basis for holding that the trial court abused its discretion in the order of disqualification, and that order is affirmed.
The order on discovery is also affirmed. The information elicited relates to practice in the insurance industry and is pertinent to the testimony of Morrison’s witness. We find no abuse of discretion on the part of the trial court in denying the motion for a protective order.
BOOTH and WENTWORTH, JJ., concur.
SMITH, C.J., dissents with written opinion.