525 So.2d 908 (1987)
FIDELITY AND CASUALTY INSURANCE COMPANY OF NEW YORK, Petitioner,
v.
Emma TAYLOR, As Personal Representative of the Estate of Charles Taylor, and Emma Taylor, Individually, Respondent.
No. 86-3180.
District Court of Appeal of Florida, Third District.
December 29, 1987.
Corlett, Killian, Hardeman, McIntosh & Levi and Scott R. McNary, Miami, for petitioner.
Hoppe & Backmeyer and Bill Hoppe, Miami, for respondent.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.

*909 On Motion for Rehearing
SCHWARTZ, Chief Judge.
Ms. Taylor won a $235,000 arbitration award on a $100,000 Fidelity & Casualty Insurance Company of New York uninsured motorist policy. Fidelity filed a circuit court action to reduce the claim to the policy limits and Ms. Taylor counterclaimed for the full amount of the award alleging a failure to settle the claim in good faith as provided in section 624.155(1)(b)1, Florida Statutes (1985).[1] She moved to produce Fidelity's complete claim file.[2] The trial court ordered its production over Fidelity's claims of work product and attorney-client privilege. The carrier now seeks certiorari review of that order. We deny the petition.
In a "first-party" action against an insurance carrier founded upon section 624.155(1)(b), which affirmatively creates a company duty to its insured to act in good faith in its dealings under the policy, liability is based upon the carrier's conduct in processing and paying a given claim. Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263 (Fla. 5th DCA 1987); Jones v. Continental Ins. Co., 670 F. Supp. 937 (S.D.Fla. 1987); United Guar. Residential Ins. Co. of Iowa v. Alliance Mortgage Co., 644 F. Supp. 339 (M.D.Fla. 1986); see Schimmel v. The Aetna Casualty & Sur. Co., 506 So.2d 1162 (Fla. 3d DCA 1987); see also Rowland v. Safeco Ins. Co. of America, 634 F. Supp. 613 (M.D.Fla. 1986); Comment, The Other Insurance Crisis: Bad Faith Refusal To Pay First-Party Benefits, 15 Fla.St.U.L.Rev. 521 (1987). Thus, the action is totally unlike an ordinary "insured vs. insurer" action brought only under the policy, in which the carrier's claim file is deemed not producible essentially because its contents are not relevant to the only issues involved, those of coverage and damages, and in which there is therefore no basis for overcoming the work product and attorney-client privileges which would ordinarily attach to these materials. E.g., Allstate Ins. Co. v. Podhurst, 491 So.2d 1222 (Fla. 4th DCA 1986); Utica Mut. Ins. Co. v. Croft, 432 So.2d 196 (Fla. 1st DCA 1983).[3]
In contrast, a case like this one is totally in distinguishable from the familiar "bad faith" failure to settle or defend a third-party's action against a liability carrier's insureds. See Stone v. Travelers Ins. Co., 326 So.2d 241 (Fla. 3d DCA 1976); Boston Old Colony Ins. Co. v. Gutierrez, 325 So.2d 416 (Fla. 3d DCA 1976), cert. denied, 336 So.2d 599 (Fla. 1976); American Fire & Casualty Co. v. Davis, 146 So.2d 615 (Fla. 1st DCA 1962); see also U.S. Fire Ins. Co. v. Clearwater Oaks Bank, 421 So.2d 783, 784 (Fla. 2d DCA 1982). In those cases, like this one, the pertinent issue is the manner in which the company has handled the suit including its consideration of the advice of counsel so as to discharge its mandated duty of good faith. Virtually the only source of information on these questions is the claim file itself. Accordingly, applying the rules that the work product *910 privilege is overcome by a showing that the materials give clues to relevant facts which may not otherwise be secured,[4] and that the attorney-client privilege is likewise commonly rendered inapplicable,[5] it has been consistently held in our state that a claim file is subject to production in such an action. Morrison Assurance Co. v. U.S. Fire Ins. Co., 515 So.2d 995 (Fla. 1st DCA 1987); Stone, 326 So.2d at 243; Boston Old Colony Ins. Co., 325 So.2d at 417; Koken v. American Serv. Mut. Ins. Co., 330 So.2d 805 (Fla. 3d DCA 1976).
In our view, because the pertinent issues are the same, there is no basis for distinguishing between types of "bad faith" insurance cases with respect to the present question.[6] We therefore hold, as does the substantial weight of authority elsewhere on the question, that the claim file is and was properly held producible in this first-party case. In re Bergeson, 112 F.R.D. 692 (D.Mont. 1986); Joyner v. Continental Ins. Cos., 101 F.R.D. 414 (S.D.Ga. 1983); APL Corp. v. Aetna Casualty & Sur. Co., 91 F.R.D. 10 (D.Md. 1980); Cigna-INA/Aetna v. Hagerman-Shambaugh, 473 N.E.2d 1033 (Ind. Ct. App. 1985); Brown v. Superior Court, 137 Ariz. 327, 670 P.2d 725 (1983); United Servs. Auto. Ass'n v. Werley, 526 P.2d 28 (Alaska 1974). Contra Bozeman v. State Farm & Casualty Co., 420 So.2d 89 (Ala. 1982); cf. Fellows v. Superior Court, 108 Cal. App.3d 55, 166 Cal. Rptr. 274 1980).
Certiorari denied.
NOTES
[1] Section 624.155(1)(b)1, Florida Statutes (1985) states in relevant part:

624.155 Civil remedy. 
(1) Any person may bring a civil action against an insurer when such person is damaged:
* * * * * *
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests.
[2] she requested production of the entire claim file, including adjusters' notes, case evaluations, correspondence, including correspondence between Fidelity & Casualty Company of New York and their attorneys, inter-company communications, and all documents whatsoever contained in the claim file of the uninsured motorist claim made by Emma Taylor, as personal representative of the Estate of Charles Taylor, and Emma Taylor, on policy no. PCP 03/14690, as a result of the accident of February 3, 1983. The dates for which this request is made are from February 3, 1983 through and inclusive of March 14, 1984.
[3] See U.S. Fire Ins. Co. v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982); see also Travelers Ins. Co. v. Habelow, 405 So.2d 1361 (Fla. 5th DCA 1981) (workmen's compensation); Agri-Business, Inc. v. Bridges, 397 So.2d 394 (Fla. 1st DCA 1981), review denied, 407 So.2d 1102 (Fla. 1981) (same).
[4] See Brown v. Superior Court, 137 Ariz. 327, 336, 670 P.2d 725, 734 (1983) ("The claims file is a unique, contemporaneously prepared history of the company's handling of the claim [and] in an action [for bad faith] the need for the information in the file is not only substantial but overwhelming."); Joyner v. Continental Ins. Cos., 101 F.R.D. 414 (S.D.Ga. 1983) (insurance statements prime candidates for determining what carrier knew); APL Corp. v. Aetna Casualty & Sur. Co., 91 F.R.D. 10, 14 (D.Md. 1980) (claim file "may constitute quite important evidence" as to whether insurance company acted in good faith); Handgards, Inc. v. Johnson & Johnson, 413 F. Supp. 926 (N.D.Cal. 1976) (insured can demonstrate bad faith only through discovery of information in hands of insurance company and its attorneys); Hodges v. Southern Farm Bureau Casualty Ins. Co., 433 So.2d 125 (La. 1983) (without documents from claim file insured would be unable to effectively present case).
[5] See United Servs. Auto. Ass'n v. Werley, 526 P.2d 28, 33 (Alaska 1974) ("When an insurer through its attorney engages in a bad faith attempt to defeat, or at least reduce, the rightful claim of its insured, invocation of the attorney-client privilege for communications pertaining to such bad faith dealing seems clearly inappropriate."); In re Bergeson, 112 F.R.D. 692 (D.Mont. 1986); Gibson v. Western Fire Ins. Co., ___ Mont. ___, 682 P.2d 725 (1984).
[6] Allstate Ins. Co. v. Swanson, 506 So.2d 497 (Fla. 5th DCA 1987), is not to the contrary. Although the court quashed an order requiring production of the claim file, it did so only because, unlike this case, the issue of whether the carrier provided coverage vel non remained unresolved. See also Allstate Ins. Co. v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976); Maryland American Gen. Ins. Co. v. Blackmon, 639 S.W.2d 455 (Tex. 1982).