522 So.2d 1078 (1988)
MANHATTAN NATIONAL LIFE INSURANCE COMPANY, Petitioner,
v.
Penelope R. KUJAWA, As Beneficiary of John A. Kujawa, Deceased, Respondent.
No. 87-1513.
District Court of Appeal of Florida, Fourth District.
April 13, 1988.
*1079 Maxine M. Long, Brenton Ver Ploeg and Phillip D. Parrish of Shutts & Bowen, Miami, for petitioner.
Steven A. Edelstein of Ress, Gomez, Rosenberg, Howland & Mintz, P.A., North Miami, for respondent.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Petitioner seeks certiorari review of a non-final order which required it to produce for inspection its legal department's file over its objection of work product immunity and attorney-client privilege. We grant certiorari and quash the order on the authority of Allstate Insurance Company v. Podhurst, 491 So.2d 1222 (Fla. 4th DCA 1986), United States Fire Insurance Company v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982), Travelers Insurance Company v. Habelow, 405 So.2d 1361 (Fla. 5th DCA 1981), and Agri-Business, Inc. v. Bridges, 397 So.2d 394 (Fla. 1st DCA 1981).
Petitioner, a life insurance company, issued a policy to John A. Kujawa, in which the respondent, Penelope R. Kujawa, was the named beneficiary. Upon John's death respondent submitted a claim under the policy. When it appeared that petitioner was delaying payment unduly, respondent filed this suit. The complaint, as amended, was in two counts. Count one was a claim on the policy. Count two was a bad faith claim under section 624.155(1)(b)(1), Florida Statutes. Thereafter, petitioner paid the face amount of the policy together with interest and agreed attorney's fees. Respondent then dismissed count one, and is now proceeding only on count two.
Respondent served a request to produce seeking production of "all separate files created after a claim was made in this cause pertaining to the handling of this claim whether or not the defendant has titled said files as a `claim file.'" In response, petitioner stated that it had already produced to the respondent copies of its underwriting and claims files with respect to the policy itself, and that the only other files it maintained were its legal department files and a file containing correspondence and documents relating to the Florida Department of Insurance. As to the latter file no objection was made to production. As to the legal department files, objection was made on the basis of attorney-client privilege and work product immunity. Following a hearing on the objections to the request to produce, the court entered its order overruling the objections, but without stating any reasons and without undertaking an in camera inspection as requested by petitioner. However, it is apparent from the record that (1) the issue presented to the trial court was whether all of an insurance company's files must be produced where a bad faith cause of action is brought pursuant to section 624.155(1)(b)(1), Florida Statutes, and (2) the trial court, in resolving this issue, viewed Stone v. Travelers Insurance Company, 326 So.2d 241 (Fla. 3d DCA 1976) as authority entitling respondent to the disclosure sought.
The Stone case held that in an action for bad faith against an insurance company for failure to settle a claim within policy limits, all materials, including documents, memoranda and letters, contained in the insurance company's file, up to and including date of judgment in the original litigation, should be produced. In explaining its rationale, the court stated, "[w]e reach this holding because of the very nature of a bad faith action and the posture of the parties involved. In defending personal injury litigation, an insurance company participates not only on behalf of itself, but also on behalf of its insured." The court went on to state that the liability insurer, undertaking defense of its insured, was in a fiduciary relationship with the insured. Accord Koken v. American Service Mutual Insurance Company, 330 So.2d 805 (Fla. 3d DCA 1976). But that holding has been adequately distinguished in Agri-Business, Inc. v. Bridges, supra, and United States *1080 Fire Insurance Company v. Clearwater Oaks Bank, supra, from the cases such as the one now before us where a first party claim is made, i.e., a claim between an insurer and its insured not involving a fiduciary relationship between them.
Our decision conflicts[1] with a recent decision of the Third District Court of Appeal, Fidelity and Casualty Insurance Company of New York v. Taylor, 13 F.L.W. 24 (Fla. 3d DCA Dec. 29, 1987), which holds that in a first-party action against an insurer under section 624.155(1)(b) the insurer's claim file is subject to a request to produce just as in "the familiar [action for] `bad faith' failure to settle ... a third-party's action against a liability carrier's insured." We would note only that (1) the rationale of the Taylor opinion appears to be the sameness of the issues in both types of "bad faith" insurance cases and the difficulty of otherwise obtaining relevant facts, (matters which, in any event, would not affect the attorney-client privilege) and (2) the opinion does not treat that which heretofore had been held a valid distinction between the "first-party" and "third-party" bad faith cases, i.e., the existence or lack of a fiduciary relationship between insurer and its insured.
The issue before us is not whether section 624.155, Florida Statutes (1985), extends to an insured a cause of action against his or her insurer for bad faith refusal to settle, nor whether the proof necessary to sustain such action is in any degree different from the proof required to sustain a third party action for bad faith failure to settle. Rather, the issue is whether an insured asserting such a statutory cause of action is somehow entitled, by the nature of the action alone, to have work product immunity and the statutory attorney-client privilege summarily swept aside. We see nothing in the statute (creating this cause of action) which evidences a legislative intent to abolish either work product immunity or the attorney-client privilege. Furthermore, except for the Taylor case, supra, we find no case authority that would justify such a conclusion. We hold that an insurer which is not in a fiduciary relationship to its insured and against which a cause of action is brought under section 624.155 is entitled to protection against production of its legal department file (and its claim file by whatever name) on the basis of both work product immunity and attorney-client privilege to the same extent as any other litigant.
Whether all or a portion of the matter sought to be discovered is protected by work product immunity, see Airocar, Inc. v. Goldman, 474 So.2d 269 (Fla. 4th DCA 1985), or by the attorney-client privilege, and, if protected by work product immunity but not the attorney-client privilege, whether the appropriate showing under rule 1.280(b)(2), Florida Rules of Civil Procedure, can be made, see Hartford Accident & Indemnity Company v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987), are matters which remain for the trial court's determination.
The order under review is quashed and this cause remanded for further proceedings consistent herewith.
LETTS and GLICKSTEIN, JJ., concur.
NOTES
[1] Although the instant case involves the production of the insurer's legal department file rather than its claim file, we think that is too fine a distinction upon which to avoid recognizing a conflict with the Taylor case.