PER CURIAM.
Petitioners, the employer/carrier (e/c), seek a writ of certiorari to review an order of the Judge of Compensation Claims (JCC) which granted a motion to compel. Finding petitioners have failed to establish a preliminary basis for relief, we deny the petition.
A claim for permanent total disability (PTD) benefits was filed in May, 1989. Claimant also filed a claim for attorney’s fees in May, 1989, alleging bad faith on the part of petitioners. On October 13, 1989, petitioners accepted claimant as PTD relating back to April, 1989, the date her treating physicians found her to be at maximum medical improvement. On November 20, 1989, claimant took the deposition of the claims adjuster who worked on her case and attempted to discover on what date the adjuster first recommended claimant be accepted as PTD. Petitioners objected to the line of questioning and the adjuster did not answer the questions. Claimant then laid a predicate to establish that the information was not available through any other source.
Claimant filed a motion to compel, which was granted and the JCC entered an order compelling the adjuster to answer the following question: “When did you first recommend that the claimant be accepted as permanently and totally disabled?” The JCC specifically found that the question did not seek information that was work product and was therefore not protected by the work product privilege. The question requested information reasonably calculated to lead to the discovery of admissible evidence which was pertinent to the issue of bad faith in the e/c’s handling of the claim. The JCC found the question did not seek mental impressions and/or trial strategy, but simply was designed to determine when and what recommendations were made regarding acceptance of PTD. Alternatively, the JCC found that even if the information could be deemed work product, it was still subject to discovery. The information sought could not be obtained by claimant by any other substantial means. The information is solely within the possession of the e/c and cannot be duplicated or ascertained in any other fashion. The information is reasonably calculated to lead to the discovery of admissible evidence on the issue of bad faith and any work product objection that might exist was far outweighed by the probative value that the question or testimony may have on the issue of bad faith.
Petitioners argue that the information sought is subject to the work product privilege, is not admissible into evidence, and is not reasonably calculated to lead to admissible evidence. We do not agree. Petitioners’ reliance on Agri-Business, Inc. v. Bridges, 397 So.2d 394 (Fla. 1st DCA 1981), is misplaced. In Agri-Business, the JCC compelled disclosure of the carrier’s entire case file. Here, the JCC has reviewed the issue closely and has ordered the adjuster to answer a limited question. The answer to the question is obviously relevant and material to the issue of bad faith. Petitioners’ argument that the question cannot lead to admissible evidence is unpersuasive.
*301 Petitioners having failed to show that the order below constitutes a departure from the essential requirements of the law, the petition for writ of certiorari is denied.
ERVIN, ZEHMER and ALLEN, JJ., concur.