611 So.2d 597 (1993)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, Petitioner,
v.
Judy PETERS, Respondent.
No. 92-02506.
District Court of Appeal of Florida, Second District.
January 6, 1993.
*598 Reinald Werrenrath, III and Kristy Brown of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for petitioner.
C. Samuel Newman and James L. Magazine of Beltz, Ruth & Newman, P.A., St. Petersburg, for respondent.
PER CURIAM.
The petitioner, State Farm Mutual Automobile Insurance Company, seeks review by petition for writ of certiorari of the circuit court's order that denied State Farm's motion for a protective order and compelled the discovery of materials by the respondent, Peters, that State Farm claims are privileged.
The underlying case is a bad faith claim against State Farm seeking recovery of an excess verdict that Peters was awarded against State Farm's insured. The discovery materials at issue here are State Farm's prejudgment file and State Farm's postjudgment file. State Farm contends that the trial court departed from the essential requirements of law in ordering the production of its files after denying discovery of Peter's prejudgment file.
We deny the petition insofar as it concerns documents, investigative files or claims manuals prepared or generated by State Farm relating to the initial claim up until the judgment (the prejudgment file). See Allstate Ins. Co. v. Swanson, 506 So.2d 497 (Fla. 5th DCA 1987); Stone v. Travelers Ins. Co., 326 So.2d 241 (Fla. 3d DCA 1976). State Farm will believe they are the victims of inconsistent rulings because the trial court denied them production of the Peter's prejudgment file and this court denied the petition for writ of certiorari which attacked that ruling. Although the result in the trial court may have the appearance of inconsistency, there is no inconsistency so far as this court's rulings concerning questions of discovery.
Ordinarily, certiorari is not available to review an interlocutory order denying discovery because the harm from such orders can be rectified on appeal. Esman v. Board of Regents of Florida, 425 So.2d 156 (Fla. 1st DCA 1983). As stated in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), common-law certiorari is an extraordinary remedy which should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of nonfinal orders.
In order to be reviewable by petition for certiorari, a nonfinal order must depart from the essential requirements of law, and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. This court, in denying the prior petition for writ of certiorari, clearly held that the trial court's denying discovery of Peter's prejudgment file did not meet this test. It is equally clear that the denial of the prior petition for writ of certiorari is without prejudice to claim error on appeal.
Finally, the respondent concedes that the trial judge erred in ordering production of State Farm's post judgment file, and so to that extent only, the petition is granted.
Petition granted in part and remanded in part.
CAMPBELL, A.C.J., and HALL and BLUE, JJ., concur.