620 So.2d 1141 (1993)
CONTINENTAL CASUALTY COMPANY, Petitioner,
v.
AQUA JET FILTER SYSTEMS, INC., Respondent.
No. 93-284.
District Court of Appeal of Florida, Third District.
July 6, 1993.
Wolpe, Leibowitz, Berger & Brothman and Steven R. Berger, Miami, for petitioner.
Roland Gomez and Reid S. Baker, Miami, for respondent.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
Continental Casualty Co. [Continental] petitions this court for a writ of certiorari to review an order compelling discovery. We deny the petition.
Aqua Jet Filter Systems, Inc. [Aqua Jet] sought to obtain the litigation files prepared by the law firm of Kubicki, Draper, Gallagher & McGrane [Kubicki Draper] during the underlying litigation. In response, Kubicki Draper and Continental alleged that the files were privileged. The trial court overruled the claims of privilege and ordered Kubicki Draper to produce the litigation file. Continental appealed from this order.
The sole issue in this case is whether Aqua Jet is entitled to obtain the litigation files of the law firm of Kubicki Draper, which provided representation to Broome & Farina, Inc., Continental's insured, in the underlying litigation with Aqua Jet. Aqua Jet recovered a judgment against Broome & Farina in an amount exceeding policy limits by approximately $200,000. Aqua Jet then filed a third party bad faith action against Continental for its failure to settle Aqua Jet's claim within policy limits.
This court has previously addressed this same issue in both Stone v. Travelers Ins. Co., 326 So.2d 241 (Fla. 3d DCA 1976), and Boston Old Colony Ins. Co. v. Gutierrez, 325 So.2d 416 (Fla. 3d DCA), cert. denied, 336 So.2d 599 (Fla. 1976). In both of these cases, this court held that the plaintiff in a *1142 third party bad faith action against an insurance company for failure to settle the claim for policy limits is entitled to the entire litigation file of the insured's counsel from the inception of the lawsuit until the date that the judgment was entered in the underlying action. Stone, 326 So.2d at 243; Gutierrez, 325 So.2d at 417. In both cases, the court reasoned that the plaintiff stands in the same posture as the insured and is, therefore, entitled to discovery. Id. Moreover, Continental's reliance on Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla. 1989) is misplaced since that decision pertained to a first party bad faith action.
For the foregoing reasons, we find that the trial court correctly ruled that Aqua Jet had the right to obtain Kubicki Draper's litigation files where the attorney-client and work product privileges do not preclude production of the files in a third party bad faith context. Additionally, we find that Aqua Jet is not entitled to attorney's fees and costs incurred in responding to the petition for certiorari where the issues raised by Continental were not frivolous.
Petition for a writ of certiorari is denied; motion for attorney's fees denied.