PER CURIAM.
In this original proceeding, petitioner asks this court to quash a discovery order compelling production in a third party bad-faith action of the insurance claims file relating to the underlying tort litigation. The bad-faith action was initiated after the parties stipulated that it would not be necessary for the respondents to obtain an excess judgment as a prerequisite to filing the claim. Petitioner argues that while the stipulation allowed respondents to pursue their third party bad-faith claim in the absence of an excess judgment, that agreement does not allow respondents to discover attorney-client and work product privileged materials. We disagree and deny the petition.
In December 1993, the son of petitioner’s insured, who was driving the insured vehicle, collided head-on with a car driven by respondent Dale Jennings. Respondents initiated settlement negotiations with petitioner in March 1994. Those negotiations broke down in May 1994 and respondents filed suit against petitioner’s insured.
In November 1994, respondents and petitioner’s insured executed a settlement agreement which conditionally released all respondents’ claims against the insured in exchange for the right to pursue a third party bad-faith claim against petitioner. Petitioner, respondents, and the insured then executed a stipulation specifically granting respondents the right to pursue their third party bad-faith claim against petitioner in the absence of an excess judgment. The stipulation specifically stated that it would “serve as the functional equivalent of an excess judgment in the amount of $75,000” in accordance with the Florida Supreme Court’s decision in Cunningham v. Standard Guaranty Ins. Co., 630 So.2d 179 (Fla.1994).
Neither the settlement agreement between respondents and the insured nor the Cunningham stipulation specifically addressed whether respondents would be entitled to discovery of the entire claims file during the third party bad-faith action, notwithstanding any attorney-client or work product privileges. When respondents sought discovery of the entire claims file during the bad-faith case, petitioner objected on grounds that the requested material was protected by both the attorney-client and work product privileges. The trial court compelled production of the entire claims file over petitioner’s objection.
*385 Generally, the third party in a third party bad-faith action stands in-the shoes of the insured and is entitled, therefore, to discovery of the insurer’s entire claims file on the underlying tort claim up to the date of an excess judgment, notwithstanding any objections from the insurer based on the attorney-client or work product privileges. See, e.g., Dunn v. Nat’l Sec. Fire & Cas. Co., 631 So.2d 1103, 1109 (Fla. 5th DCA 1993); Continental Cos. Co. v. Aqua Jet Filter Sys., Inc., 620 So.2d 1141, 1142 (Fla. 3d DCA 1993). While there is no case law discussing whether this broad scope of discovery'is available in a case involving a Cunningham stipulation rather than an excess judgment, we see no reason why the two circumstances should be treated differently. We therefore deny the petition, but certify the following question as being one of great public importance:
WHETHER THE FACT THAT A THIRD PARTY BAD-FAITH CLAIM HAS BEEN BROUGHT PURSUANT TO A CUNNINGHAM STIPULATION RATHER THAN AN EXCESS JUDGMENT MAKES ANY DIFFERENCE WHEN ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES ARE ASSERTED DURING DISCOVERY IN THE BAD FAITH ACTION AS TO MATERIAL CONTAINED IN THE CLAIMS FILE?
BOOTH, WOLF and VAN NORTWICK, JJ., concur.