311 So.2d 817 (1975)
MIDWEST MUTUAL INSURANCE COMPANY, Appellant,
v.
Claude BRASECKER, Appellee.
No. 74-1588.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Rehearing Denied May 16, 1975.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Mark Hicks, Miami, for appellant.
Horton, Perse & Ginsberg, Welsh & Carroll, Miami, for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
The appellee Claude Brasecker filed this action against Midwest Mutual Insurance Company (insurer) to compel arbitration of his claim for injuries alleged to have been negligently caused by an uninsured motorist.
The motor vehicle liability indemnity policy which had been issued by Midwest (a copy of which was attached to the complaint) included uninsured motorist coverage. Following plaintiff's injury the insurer had denied coverage. An action was brought by Brasecker against two insurance agents and the insurer. In that action a final judgment was entered in favor *818 of Brasecker on the coverage issue. On appeal therefrom this court affirmed, without opinion.
In the present action the plaintiff alleged that notwithstanding the judgment which established coverage the insurer had refused plaintiff's demand for the arbitration for which the policy provided.
By an amended complaint the plaintiff added a second count, by which it was sought to recover compensatory and punitive damages against the insurer, for alleged willful and malicious breach of contract, by its denial of coverage and its refusal "to arbitrate the matter or enter into settlement negotiations for payment of benefits under the policy which was judicially determined to be in effect".
The defendant insurer filed a motion to dismiss or to strike the second count. From an order denying its motion, the insurer filed this interlocutory appeal.
On the authority of Baxter v. Royal Indemnity Company, Fla.App. 1973, 285 So.2d 652, we hold the court erred in so ruling. The cases which allow recovery for breach by an insurer of a duty to act in good faith in negotiating, evaluating and paying claims against an insured, under a liability coverage, where the insurer has the control thereof, do not apply to the insurer's handling of a claim of its insured against an uninsured motorist.
The plaintiff's second count seeking compensatory and punitive damages for breach of contract on the basis above referred to, was legally insufficient. If the insurer was guilty of undue delay the insured could receive interest on the amount of his recovery, for the unreasonable period of delay. Provision therefor could be made by the court under the count to compel arbitration, if a sufficient showing therefor was made.
As a basis for our decision on this appeal we adopt the reasoning of the First District Court of Appeal in Baxter, where, speaking through Judge Wigginton, the court said:
"* * * The theory on which appellants rely to support their right of recovery is an acceptable theory when applied to the bodily injury and property damage liability provisions of an automobile insurance policy, but it has no application to a claim arising under the uninsured motorist provision of the policy.
* * * * * *
"It is the existence of the fiduciary relationship between the parties under the bodily injury liability provisions of the policy which imposes upon the insurer the obligation of exercising good faith in negotiating for and effecting a settlement of the claim against its insured and which subjects it to excess liability if it acts in bad faith or through fraud. It is because of the absence of such fiduciary relationship that no similar obligation rests upon the insured with respect to claims made against it under the uninsured motorist provision of the policy. * * *
"Claims made under the uninsured motorist provision are not controlled by the insurer to the exclusion of the insured as is the case under the bodily injury liability provisions of the policy. If the insured makes a claim for damages allegedly suffered by him as the result of the negligence of an uninsured motorist and the insurer fails or refuses within a reasonable time to pay such claim, the insured is free to immediately demand arbitration and secure a prompt and just settlement of his claim. The insured is not required to wait indefinitely for the insurer to investigate, evaluate, and reach a conclusion as to whether it is liable and, if so, for how much. The penalty imposed by law on the insurer for its failure to settle the claim of its insured within a reasonable time is the payment of interest at the legal rate. * * * The legal relationship existing between the insured and his insurer on claims for collision damages or damages *819 caused by uninsured motorists is that of debtor and creditor in which no fiduciary relationship is present. It would be a strange quirk in the law to hold that each time a debtor fails or refuses to pay demands made upon it by a creditor, the debtor would be liable for both compensatory and punitive damages even though his failure or refusal was motivated by spite, malice, or bad faith. * * *"
The defendant's motion to strike the second count of the amended complaint should have been granted. The order denying that motion is reversed, and the cause is remanded for further proceedings.