367 So.2d 1103 (1979)
Robert SHUPACK, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation for Profit, Appellee.
No. 78-806.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Harold M. Braxton, Miami, for appellant.
Adams & Ward and Amy Shield Levine, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an adverse final summary judgment entered on his claim for punitive damages arising out of appellee's, defendant below, bad faith failure to pay personal injury protection (PIP) benefits. We affirm.
Appellant, after being injured in an automobile accident, filed a PIP claim with appellee for the medical expenses incurred. After paying $2000 on the claim, appellee stopped making payments although appellant's expenses were greater than the $5000 maximum under the policy. Thereafter, appellant filed suit for breach of the insurance contract. Appellee answered setting out, among other things the affirmative defense that appellant's conduct had contributed to the injuries and, therefore, relieved appellee of its obligations under the policy. Appellant then amended his complaint to reflect a tort claim for bad faith failure to pay, claiming that appellee had arbitrarily stopped payment even though it had actual knowledge of the remaining expenses. Appellee moved to strike the tort claim, and its motion was denied. Appellant, during this time, obtained a partial final summary judgment on his breach of contract claim and appellee satisfied this judgment. Subsequently, appellee filed an answer to the amended complaint, generally denying the allegations, but not reasserting its affirmative defense. Appellee then moved for and obtained an order granting summary judgment. Thereafter, after an attempted appeal of this order, the trial court entered a final summary judgment in favor of appellee on appellant's tort claim. From this judgment, appellant appeals.
Appellant contends: (1) that the pleadings before the trial court at the time when it entered the judgment appealed created question of material fact about appellee's bad faith arbitrary refusal to pay; and (2) *1104 that appellee's conduct coupled with appellant's requests for payment constituted bad faith, as contemplated by Section 627.736, Florida Statutes (1977), which entitled him to punitive damages in tort.
In our opinion, the trial court properly entered its final summary judgment in favor of appellee because, under the facts of this case, appellant had no cause of action for punitive damages against appellee for its alleged bad faith refusal to pay. Under these circumstances, the parties were more in the nature of a debtor-creditor or adversary relationship than in a fiduciary relationship. See Baxter v. Royal Indemnity, 285 So.2d 652 (Fla. 1975). Section 627.736, among other things provides for interest and attorney's fees for an insurance company's failure to pay, but, in our opinion, it does not create a cause of action for punitive damages. Accordingly, the trial court properly entered summary judgment in favor of appellee.
Affirmed.