435 So.2d 848 (1983)
Charles SMITH, Appellant,
v.
STANDARD GUARANTY INSURANCE COMPANY, Appellee.
No. 82-1378.
District Court of Appeal of Florida, Second District.
May 20, 1983.
Rehearing Denied July 19, 1983.
*849 David W. Miner, Bradenton, for appellant.
No appearance for appellee.
GRIMES, Acting Chief Judge.
Appellant (Smith) sued appellee (Standard) in 1981 for compensatory and punitive damages resulting from failure to pay a collision loss under Smith's policy with Standard. Smith contends that the court erred in directing a verdict against him on his claim for punitive damages.
At best, Standard's handling of Smith's claim was bungling and arbitrary. In any event, it was sufficiently callous that a jury would be justified in concluding that Standard was guilty of bad faith. However, our Florida courts have consistently held that a suit for punitive damages will not lie against an insurance company for bad faith in failing to pay a first party claim. Industrial Fire & Casualty Insurance Co. v. Romer, 432 So.2d 66 (Fla. 4th DCA 1983); United States Fire Insurance Co. v. Clearwater Oaks Bank, 421 So.2d 783 (Fla. 2d DCA 1982); Travelers Insurance Co. v. Habelow, 405 So.2d 1361 (Fla. 5th DCA 1981); Shupack v. Allstate Insurance Co., 367 So.2d 1103 (Fla. 3d DCA 1979); Lumilite Industries, Inc. v. Southeast Life Insurance Co., 365 So.2d 1083 (Fla. 3d DCA 1979); Allstate Insurance Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976); Midwest Mutual Insurance Co. v. Brasecker, 311 So.2d 817 (Fla. 3d DCA 1975); Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973); cf. Evans v. Florida Farm Bureau Casualty Insurance Co., 384 So.2d 959 (Fla. 1st DCA 1980) (upholding a claim for punitive damages against an uninsured motorist carrier's arbitrary refusal to consent to its insured's third party claim); contra Escambia Treating Co. v. Aetna Casualty & Surety Co., 421 F. Supp. 1367 (N.D.Fla. 1976). Unlike the fiduciary relationship involved in the defense of a liability claim, a collision carrier and its insured occupy the status of debtor and creditor. Baxter v. Royal Indemnity Co. Of course, a successful first party claimant can obtain the payment of his attorney's fees under section 627.428, Florida Statutes (1981), and the Insurance Commissioner may invoke sanctions for insurance company misconduct.
Standard's conduct did not rise to the level of deliberate, overt and dishonest dealings which might constitute an independent basis for punitive damages. Saltmarsh v. Detroit Automobile Inter-Insurance Exchange, 344 So.2d 862 (Fla. 3d DCA 1977); see Butchikas v. Travelers Indemnity *850 Co., 343 So.2d 816 (Fla. 1976). Therefore, the court correctly refused to permit Smith's punitive damage claim to go to the jury.
After the court directed the verdict on punitive damages and it became apparent that Standard was not going to present any testimony, the court sua sponte directed a verdict in favor of Smith for compensatory damages in the sum of $4,375. The court appeared to act upon the assumption that it was helping Smith since Smith's attorney offered no objection. However, Smith had introduced certain evidence upon which the jury might have returned a higher verdict than that directed by the court. Consequently, since Smith never moved for a directed verdict, and he now complains that it was inadequate, we hereby reverse the judgment for compensatory damages and remand that issue for a new trial. In all other respects, the judgment is affirmed.
RYDER and DANAHY, JJ., concur.