433 So.2d 25 (1983)
SAFECO INSURANCE COMPANY OF AMERICA, Petitioner,
v.
Nancy (Lloyd) CAMPBELL, Respondent.
No. 83-266.
District Court of Appeal of Florida, Second District.
June 15, 1983.
*26 Dennis J. Wall of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, for petitioner.
Thomas W. Carey of Perenich & Carroll, Clearwater, for respondent.
BOARDMAN, Judge.
Respondent Nancy Campbell sued petitioner Safeco Insurance Company for compensatory and punitive damages resulting from Safeco's failure to arbitrate an uninsured motorist (UM) claim under Campbell's insurance policy with Safeco. Safeco challenges the trial court's orders denying Safeco's motions to dismiss Campbell's punitive damages claim and for a protective order which denies discovery of Safeco's net worth. We grant certiorari and quash both orders.
On July 19, 1972, Campbell was hit from behind by an uninsured motorist. In June of 1976 Campbell submitted her first request to Safeco for UM coverage under her policy. She also filed suit against the driver to protect Safeco's interests.
After three requests by Campbell for the maximum coverage of $10,000, Safeco offered to settle for $1500. Campbell rejected the offer and demanded arbitration pursuant to the provision therefor in her policy. Safeco denied that it had a copy of her policy and failed to respond to her written demand for arbitration.
Safeco subsequently asked for additional information and gave assurances that a settlement could be reached. Campbell continued to request the maximum coverage and demanded arbitration on several occasions. Safeco failed to indicate its choice for an arbitrator. After further demands for arbitration, Safeco refused to arbitrate, invoking the five-year statute of limitations, Section 95.11(3), Florida Statutes (1971).
On April 25, 1979, Campbell filed a complaint against Safeco seeking 1) damages for breach of contract, 2) declaratory relief, and 3) damages for bad faith refusal to either pay or arbitrate her claim. Safeco moved for summary judgment, which was granted as to count 3. Campbell then moved to amend her complaint to change count 3 to a claim for common law fraud, which motion was denied.
Safeco again moved for summary judgment or judgment on the pleadings as to counts 1 and 2, and Campbell moved to amend her complaint to a count for breach of contract and a count for tortious breach of contract. The trial court denied Safeco's summary judgment motion and allowed Campbell to amend her complaint, which Safeco promptly moved to dismiss.
*27 Campbell sought discovery of Safeco's yearly gross premiums since 1972, its net profits since 1972, and its yearly premiums for UM coverage since 1972. Safeco moved for a protective order, alleging burdensomeness, oppression, and insufficiency of the punitive damages claim. The trial court denied both Safeco's motion for protective order and its motion to dismiss, and this petition for writ of certiorari followed timely.
An order denying a motion to dismiss a punitive damages claim cannot generally be raised on petition for certiorari. However, Allstate Insurance Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976), cert. dismissed, 354 So.2d 980 (Fla. 1977), held that, the court having determined that certiorari would lie to review a discovery order, the order denying the motion to dismiss the punitive damages claim could be vacated as well. We recognize that in United States Fire Insurance Co. v. Clearwater Oaks Banks, 421 So.2d 783 (Fla. 2d DCA 1982), this court did not pass on the order denying the motion to strike the punitive damages claim, simply holding that the discovery order was improper because the nature of the insured's claim precluded the possibility of recovering punitive damages. However, since Campbell's right to discovery of Safeco's net worth is dependent on a valid punitive damages claim, we will consider both issues here.
Florida courts have consistently held that a suit for punitive damages will not lie against an insurance company for bad faith in failing to pay a first party claim. Smith v. Standard Guaranty Insurance Co., 435 So.2d 848 (Fla. 2d DCA May 20, 1983); Industrial Fire & Casualty Insurance Co. v. Romer, 432 So.2d 66 (Fla. 4th DCA 1983); Clearwater Oaks Bank; Gibbs; Midwest Mutual Insurance Co. v. Brasecker, 311 So.2d 817 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 31 (Fla. 1976); Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973), cert. discharged, 317 So.2d 725 (Fla. 1975). In the instant case, Campbell has not alleged a tort separate and distinct from a willful and flagrant breach of contract.
Since the punitive damage claim is improper, the issue of Safeco's net worth is no longer relevant. See Rinaldi v. Aaron, 314 So.2d 762 (Fla. 1975).
Accordingly, the order denying Safeco's motion for protective order is hereby quashed. Furthermore, the order denying Safeco's motion to dismiss Campbell's punitive damages claim is also quashed and the cause remanded for further proceedings consistent with this opinion.
HOBSON, A.C.J., and SCHEB, J., concur.