444 So.2d 595 (1984)
COTTON STATES MUTUAL INSURANCE COMPANY, Petitioner,
v.
TURTLE REEF ASSOCIATES, INC. a Florida Corporation, Respondent.
No. 83-262.
District Court of Appeal of Florida, Fourth District.
February 8, 1984.
*596 Gregory M. Keyser of Paxton, Crow, Bragg, & Austin, P.A., West Palm Beach, for petitioner.
Hubert R. Lindsey, West Palm Beach, for respondent.
GLICKSTEIN, Judge.
By petition for writ of certiorari, Cotton States Mutual Insurance Company seeks review of a non-final order granting respondent Turtle Reef Associates, Inc.'s motion to compel production of the contents of an independent insurance investigator's file compiled during his investigation of Turtle Reef's claim. Cotton States contends the contents of the file are work product and therefore privileged.
The work product privilege attaches to statements and materials prepared by a party's investigator or insurer only if these were prepared in contemplation of litigation. See Alachua General Hospital, Inc. v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981); Shawmut Van Lines, Inc. v. Small, 148 So.2d 556 (Fla. 3d DCA 1963). Mere likelihood of litigation does not satisfy this qualification. Because the applicable rule, Florida Rule of Civil Procedure 1.280(b)(2), closely resembles Federal Rule of Civil Procedure 26(b)(3), we look to federal case law for guidance.
In United States v. El Paso Company, 682 F.2d 530, 542 (5th Cir.1982), the court of appeals drew attention to the advisory committee note to the federal rule, which states materials assembled in the ordinary course of business or pursuant to public requirements unrelated to litigation are excluded from work product. In Carver v. Allstate Insurance Company, 94 F.R.D. 131 (S.D.Ga. 1982), it is stated that an insurance company's claims investigation in its early stages is conducted in the ordinary course of business; the object is to determine whether to honor the claim or resist it, and whether to seek subrogation against a third party. In Carver, reports produced early on by a claims representative were not privileged, whereas subsequent reports of a senior claims representative, assigned when it was established the extent of loss was great and when arson was suspected, were privileged because they were prepared in anticipation of litigation.
Here Cotton States retained an independent claims investigator, Donald D. Webb, to investigate Turtle Reef's claim. The trial judge cannot recall whether, when, he heard Turtle Reef's motion to compel, he inspected the file Webb had compiled. Although Webb's description of his file's contents, given at deposition, suggests his investigation was of the preliminary kind that insurance company's conduct in the ordinary course of business, we are not prepared to make this determination sight unseen. Accordingly we remand to the trial court so that the contents of Webb's file may be inspected and a determination made consonant with the federal case law cited herein.
ANSTEAD, C.J., and WALDEN, J., concur.