474 So.2d 269 (1985)
AIROCAR, INC., Petitioner,
v.
Dorothy GOLDMAN, Respondent.
No. 85-874.
District Court of Appeal of Florida, Fourth District.
June 19, 1985.
Rehearings Denied September 10, 1985.
John M. Camillo of Morgaman & Camillo, Fort Lauderdale, for petitioner.
Harvey K. Mattel of Harrington and Mattel, Fort Lauderdale, for respondent.
GLICKSTEIN, Judge.
This is a petition for writ of certiorari by a defendant that had chartered a bus to a condominium association for a day. One of the members brushed her leg against the step while getting onto the bus, and sued the defendant for her injury. She sought, by notice to produce, the following:
A copy of all investigative witness statements, memoranda, documents and files maintained by defendant Airocar, Dorothy Goldman on April 6, 1983, which are maintained by defendant Airocar, *270 Inc., as discoverable in accordance with the case of Cotton States Mutual Insurance Company v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th Dist. 1984).
When the defendant objected to the production a hearing was held on the plaintiff's motion to compel discovery, resulting in a brief order which recites the plaintiff's motion was "granted  furnish by Monday, April 15."
Although the defendant filed the present petition on April 16, 1985, one day after the date for production, there was no production, nor was there a stay or objection to this petition without a stay. The rules do not appear to provide for an automatic stay in such a situation. See Fla.R.App.P. 9.100(f), 9.130(f), 9.310(a) and their respective committee notes. Respondent, however, does not complain.
Before going to the merits, we have respectfully urged the trial courts of this district to focus, in their orders, upon whether the material involved was prepared in contemplation of litigation. Cotton States Mutual Insurance Company v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984); Selected Risks Insurance Company v. White, 447 So.2d 455 (Fla. 4th DCA 1984). In the latter case we said that the trial court should make a finding upon that specific issue. In doing so, we were not attempting to be dictatorial. In fact, we had hoped to provide a helpful guide, based on the cases which had the corresponding Federal rule to consider. The parties must recognize that we are asked to review a plethora of discovery orders; and with some acceptable reasonable guidelines, neither the trial court orders nor our review should be ad hoc justice.
We never said it would be easy to determine what is prepared in contemplation of litigation. Were we to take the Chicken Little approach, every piece of paper or photograph or tangible item would not be discoverable because every incident  including every brushed leg  could result in litigation if the client and counsel were so inclined. Accordingly, there must be some common sense division between what is and what is not discoverable; and as in every spectrum, the black turns to grey before becoming white.
In this case we have a bus company that has instructed its drivers to report every incident in writing and the more serious, in the driver's opinion, by radio or telephone as well. Once the report has reached Mr. LeFebvre's desk, he would then talk to the driver, and according to his deposition testimony: "[f]rom there, any and all investigation would be done for the simple reason of a pending lawsuit." It is logical to us that the foregoing words mean just what they say. Accordingly, we conclude that any statement of the driver taken by Mr. LeFebvre, or investigation thereafter, was in contemplation of litigation and not discoverable. To the extent that such material was subject to production by the trial court's order, we quash the order as to same.
An equally logical reading of Mr. LeFebvre's testimony is that whatever took place prior to his meeting with the driver could have been for a reason other than contemplation of litigation. We need not speculate that there are instances in which Mr. LeFebvre would elect not to talk to the driver. His words support this conclusion when he said that an incident may be such that the decision may be made not to open a file. We glean from the appendix that while there is a written driver's report for every incident, there may not necessarily be an investigation, file, or interview with the driver. As Mr. LeFebvre said with respect to the opening of a file, "[d]epending on the incident, it could be either way."
Because it follows that the driver must report every incident, we believe  given the deposition testimony of Mr. LeFebvre  that the driver's report is not in contemplation of litigation. Accordingly, we deny the petition as to the driver's report. This case differs drastically from this court's *271 decision in Sligar v. Tucker, 267 So.2d 54, 55 (Fla. 4th DCA 1972), in which it was said:
[T]here is no question but that such reports were submitted at the request of the respective insurers, for use in connection with the anticipated settlement or defense of the claim if and when it materialized.
There is no testimony here to reach the same conclusion. If such were the case, Mr. LeFebvre would have undoubtedly so testified.
Moreover, the driver's written report here is poles apart from this court's decision in Karch v. MacKay, 453 So.2d 452 (Fla. 4th DCA 1984), which involved statements taken by an employer regarding an accident. We have followed Karch in this case as to the investigative material.
We recognize that our companion court in Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), held that a grocery store's accident report, following a slip and fall, was work product and not discoverable in the absence of that specific showing required by Florida Rule of Civil Procedure 1.280(b)(2); namely, need and undue hardship in obtaining the substantial equivalent by other means. We do not know what record that court had before it to conclude the accident report was work product; but the court said:
Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries. Experience has also shown those stores that bogus or frivolous or exaggerated claims might be made.
Id. at 308. However, we do not have to rely on experience here. We have a record that is void of any testimony upon which to conclude, without conjecture by this court, that the driver's report was made in contemplation of litigation. It is not our function to make up a record.
DELL, J., concurs.
WALDEN, J., concurs in conclusion only.