481 So.2d 968 (1986)
SEARS, ROEBUCK AND COMPANY, Petitioner,
v.
Mary M. SCOTT, Respondent.
Nos. 85-1675, 85-2408 and 85-2728.
District Court of Appeal of Florida, Fourth District.
January 15, 1986.
Rehearing and/or Clarification Denied February 11, 1986.
Harry S. Raleigh of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for petitioner.
Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Barbara J. Compiani of Edna L. Caruso, P.A., West Palm Beach, for respondent.
PER CURIAM.
We sua sponte consolidate these actions and grant the petition for writ of certiorari in case No. 85-1675 and quash the order compelling production of an "incident report" on a slip and fall which occurred in a Sears store. Sears argues that the only evidence submitted to the trial court established that the incident report was prepared in anticipation of litigation and therefore protected. Cf. Cotton States Mutual Insurance Co. v. Turtle Reef Assoc., 444 So.2d 595 (Fla. 4th DCA 1984). Although it is apparent that the reports are routinely prepared by Sears, it is equally apparent by the evidence presented that the purpose of the report is to prepare for litigation. Sears made an unrebutted showing that each report is prepared pursuant to a written procedure established by its regional counsel for anticipating litigation and that the report is then furnished to regional counsel, who in turn provides the information to Sears' liability insurance carrier. Such materials are protected from discovery under the provisions of Florida Rule of Civil Procedure 1.280(b)(2). Cf. Airocar, Inc. v. Goldman, 474 So.2d 269 (Fla. 4th DCA 1985). We also grant the petitions in case Nos. 85-2408 and 85-2728 to the extent that the orders involved therein conflict with this opinion.
HERSEY, C.J., and ANSTEAD and GLICKSTEIN, JJ., concur.