SCHEB, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals a final order finding that appellee Michael Clark Whitman has no present ability to pay child support.[1]
On May 15, 1972, the trial court entered a final judgment dissolving appellee’s marriage to Cherrie Whitman and awarding the wife custody of the minor child. At the time of dissolution, the appellee was severely disabled from a 1970 motorcycle accident and unable to work. The judgment did not require appellee to pay child support but the court retained jurisdiction on that issue.
Some eleven years later, on September 27, 1983, HRS filed a petition to modify the final judgment to require appellee to pay child support and to reimburse HRS for payments it was making for benefit of the minor child under the Aid to Families with Dependent Children (AFDC) Program.
An evidentiary hearing disclosed that the child was living with his natural grandmother. She received $137 per month AFDC benefits for the child but no financial contribution from either appellee or the child’s mother. The testimony also revealed that appellee was under medical care for the severe injuries he sustained in the 1970 motorcycle accident. Despite his partial disability, the state regularly employed him as a bridge tender. At the time of the hearing, his monthly take home wages of $706 were used primarily for his living expenses.
*970 At the conclusion of the hearing, the trial judge found the appellee had no present ability to make any support payments. He therefore declined to enter an order of support “at this time.” An amended order provided that the court would determine at a later time the amount of child support, if any, to be paid. This appeal by HRS followed.
Despite his poor physical condition, appellee now has steady employment. Because there has been this substantial change in appellee’s circumstances since entry of the final judgment of dissolution in 1972, he is obligated to make some contribution toward the support of the minor child. We think the trial judge abused his discretion in not requiring appellee to make some support payment. See Alford v. Alford, 364 So.2d 1255 (Fla.2d DCA 1978).
Moreover, under section 409.-2561(1), Florida Statutes (1983), appellee is required, as a responsible parent, to reimburse HRS for public assistance payments made for the child’s benefit to the extent the court finds reasonable. In determining the appropriate amount of support, the trial court should consider the needs of the child, the abilities of both parents, and the necessity of AFDC payments for which HRS claims reimbursement. An award should be retroactive to the date HRS filed its petition. Fotorny v. Fotorny, 397 So.2d 329 (Fla. 4th DCA 1981).
Reversed and remanded for further proceedings consistent with this opinion.
GRIMES, A.C.J., and CAMPBELL, J., concur.

. We recognize that appellee disputed paternity in the original dissolution proceeding and before the trial judge in the case before us. However, the trial court denied appellee’s motion for summary judgment, holding that the issue of paternity was res judicata. Appellee did not raise this point on appeal and we do not consider it.