510 So.2d 1200 (1987)
ALLSTATE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Anne DOUVILLE, Appellee/Cross-Appellant.
No. 86-896.
District Court of Appeal of Florida, Second District.
August 12, 1987.
Paula M. Walsh of McClain, Saieva & Walsh, P.A., Tampa, for appellant/cross-appellee.
Howard M. Acosta of Rahdert, Acosta & Dickson, P.A., St. Petersburg, for appellee/cross-appellant.
CAMPBELL, Judge.
Appellant, Allstate Insurance Company ("Allstate") and appellee, Anne Douville ("Douville"), raise multiple issues to support their positions in this appeal and cross-appeal. We find merit in Allstate's contention that the trial court erred when it failed to direct a verdict in its favor on the third count of Douville's second amended counterclaim wherein Douville attempted to establish a cause of action against Allstate for a breach of the duty to act in good faith. Our reversal on that issue makes *1201 moot all other issues raised on appeal and cross-appeal.
Douville, a pedestrian, was severely injured on June 30, 1984, when she was hit by a car driven by Deborah Moore. Both Moore and Douville were insured by Allstate, although Douville's coverage was initially denied by Allstate. Allstate's initial position was that Douville was not covered under her ex-husband's policy since she was not listed on a computer printout as a named insured, and she did not otherwise come under the terms of the policy because she was not a resident relative of her ex-husband.
Allstate formally denied coverage four months after the accident and filed an action for declaratory relief against Douville on November 2, 1984, to determine its responsibility to Douville under her ex-husband's insurance policy. Thereafter, Allstate received a copy of Douville's application for insurance and learned that Douville should have been a named insured under the policy. A review of the application revealed that Douville's ex-husband was listed as a named insured and that Douville's name appeared only in the address section instead of in the section listing the named insureds. When this was discovered, Allstate admitted coverage and extended benefits to Douville.
Allstate then filed an amended complaint for declaratory relief to determine the amount of uninsured motorist coverage that Douville would have been entitled to under the policy. Douville and Allstate subsequently agreed that her available uninsured motorist coverage was $100,000. Douville, in the meantime, had counterclaimed against Allstate in a four-count counterclaim. All the issues were settled or disposed of by court order except the first count, which was Douville's claim for damages under the uninsured motorist coverage, and the third count, which involved allegations of Allstate's breach of the duty to act in good faith and intentional infliction of emotional distress. These were treated as separate torts and separate jury instructions were given regarding each claim.
The jury returned a verdict against Douville on her claims for uninsured motorist coverage on the ground that Douville was solely at fault in the accident. The court denied Allstate's motions for directed verdict on the breach of the duty to act in good faith and the matter went to the jury on an interrogatory verdict form. The verdict form listed the breach of the duty to act in good faith and intentional infliction of emotional distress separately. Allstate objected to the separate instruction.
The jury found that Allstate had breached its duty to act in good faith and awarded damages for resulting mental distress. The jury found against Douville and for Allstate on the separately charged tort of intentional infliction of emotional distress.
The law is well established in Florida that there is no common law cause of action for a bad faith breach of an insurance carrier when the insured is denied coverage by the insurer, a so-called "first party claim." This is not the situation when the insured is being sued by a third party and the insurer has a duty to defend. In a third party action, the liability of the insurer to its insured arises because of the fiduciary relationship that exists between the insured and the insurer. When the insured is claiming against his own insurance company, that fiduciary relationship does not exist. Smith v. Standard Guaranty Insurance Co., 435 So.2d 848 (Fla. 2d DCA 1983), pet. for review denied, 441 So.2d 633 (Fla. 1983); Industrial Fire and Casualty Insurance Co. v. Romer, 432 So.2d 66 (Fla. 4th DCA 1983); Shupack v. Allstate Insurance Co., 367 So.2d 1103 (Fla. 3d DCA 1979); Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973), discharged, 317 So.2d 725 (Fla. 1975).
In Smith, this court made reference to "bad faith" in regard to a first party claim by an insured against an insurer only in regard to the quantity of "bad faith" needed to support an award of punitive damages. Smith does not stand for the position that an insurer is liable to its insured in compensatory damages for breach of a duty to act in good faith absent the fiduciary *1202 relationship that exists in third party actions.
To the contrary, a careful reading of Smith reveals that it stands for the position that a cause of action for breach of the duty to act in good faith does not exist where the insured and the insurer occupy the status of creditor and debtor. When an insured is suing its insurer for damages for failure to pay a claim, a cause of action exists only if the facts involving the refusal to pay constitute bad faith that rises to the level of fraud or intentional infliction of emotional distress. See Industrial Fire and Casualty.
In this case, since the jury was submitted an interrogatory verdict form regarding both "simple" bad faith and intentional infliction of emotional distress, and found for Allstate on the intentional infliction of emotional distress, there can be no resulting liability to Allstate on the simple bad faith claim. We must, therefore, reverse the verdict for Douville on her bad faith claim since bad faith cannot exist here in a first party claim absent a finding of intentional infliction of emotional distress or fraud, and remand for an entry of a directed verdict for Allstate.
Since we have determined that a bad faith claim would not lie under the verdict rendered by the jury, Douville's point on cross-appeal regarding the trial court's denial of her claim for damages for physical pain and suffering is moot. Likewise, the alleged error in the trial court's refusal to allow the jury to consider punitive damages is also moot since the jury found against Douville in regard to the tort of intentional infliction of emotional distress.
We therefore reverse and remand for treatment consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER, J., concur.