SCHEB, Acting Chief Judge.
The appellant, Patricia Browne, challenges an order on her motion to modify rehabilitative alimony and child support. We have examined the briefs and record and find merit in only one of the two issues she raises on appeal.
Ms. Browne correctly argues that the trial court erred in not making the increase in child support-retroactive to the date of her petition. At the hearing on Ms. Browne’s motion, her former husband, Ap-pellee Chad Browne, stipulated that the children’s financial needs had increased and that he had the ability to pay a larger amount of child support. In its order, the trial court confirmed the children’s need and Mr. Browne’s ability to pay and ordered increased support. The court erred, however, in not making the increased payment retroactive to the date of the petition. See Friedman v. Friedman, 307 So.2d 926, 927 (Fla. 3d DCA 1975). Accord, Witcher v. Petty, 534 So.2d 1240 (Fla. 5th DCA 1988); HRS v. Whitman, 481 So.2d 968 (Fla. 2d DCA 1986); Fotorny v. Fotorny, 397 So.2d 329 (Fla. 4th DCA 1981); Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979).
Accordingly, we affirm that part of the trial court’s order denying Ms. Browne’s motion to convert her rehabilitative alimony to permanent alimony or extend the time for her rehabilitative alimony. We remand for the trial court to enter an amended order making the increased child support retroactive to the date of the petition for modification.
FRANK and PATTERSON, JJ., concur.