694 So.2d 772 (1997)
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Petitioner,
v.
FLORIDA DEPARTMENT OF INSURANCE and Gary Ricketts, Respondents.
No. 96-04123.
District Court of Appeal of Florida, Second District.
April 25, 1997.
*773 Daniel C. Brown and David P. Healy of Katz, Kutter, Haigler, Alderman, Marks, Bryant & Yon, P.A., Tallahassee, and Gregory S. Karawan and Scott A. Kamber of Sonnenschein Nath & Rosenthal, New York City, for Petitioner.
Michael H. Davidson and Kelly A. Cruz, Department of Insurance, Tallahassee, for Respondent Department of Ins.
Peter J. Winders and Lorien Smith Johnson of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for Respondent Ricketts.
PER CURIAM.
Prudential Insurance Company of America seeks review of a nonfinal administrative order requiring Prudential to produce documents that it asserts are fact work product[1] for inspection by the Department of Insurance's attorneys. Prudential is not a party to the Department's administrative action against Gary Ricketts, a former Prudential life insurance agent. This court has jurisdiction pursuant to section 120.68(1), Florida Statutes (1995), which provides for immediate review of such orders "if review of the final agency decision would not provide an adequate remedy." An order requiring discovery is a proper subject for review "since an erroneously compelled disclosure, once made, may constitute irreparable harm which cannot be remedied by way of appeal." Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985). We grant review and quash the order for the reasons set forth herein.
Prudential has demonstrated that the documents in question constitute fact work product by submitting unrefuted affidavits stating that in response to policyholder accusations in complaints and lawsuits and to extensive news reports of churning and sales misconduct by Prudential agents, Prudential's legal staff assumed responsibility for oversight of responses to policyholder complaints pending or received after March 6, 1995. The affidavits assert that all of these documents were generated by Prudential *774 employees who received, evaluated, and responded to policyholder complaints in anticipation of the likelihood of litigation. "Even preliminary investigative materials are privileged if compiled in response to some event which foreseeably could be made the basis of a claim." Anchor Nat'l Fin. Servs., Inc. v. Smeltz, 546 So.2d 760, 761 (Fla. 2d DCA 1989); see also Waste Management, Inc. v. Florida Power & Light Co., 571 So.2d 507 (Fla. 2d DCA 1990) (nonparty's investigation of accident protected as work product although a lawsuit against it was unlikely to be successful).
Before a party can obtain discovery of work product material, it must show that it "has need to the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla. R. Civ. P. 1.280(b)(3). The bare assertions of the Department's counsel are clearly inadequate to show the "need" and "undue hardship" required for production of the documents. Procter & Gamble Co. v. Swilley, 462 So.2d 1188, 1195 (Fla. 1st DCA 1985); see also Whealton v. Marshall, 631 So.2d 323, 325 (Fla. 4th DCA 1994) (respondents failed to demonstrate either need or lack of access to the factual information contained in the work product documents).
Since the Department did not make the required showing of need and inability to obtain the factual information by other means without undue hardship, the lower tribunal departed from the essential requirements of law in compelling Prudential to disclose the documents. Adjustco, Inc. v. Sibley, 611 So.2d 88 (Fla. 2d DCA 1992).
We grant the petition for review and quash the order compelling production.
CAMPBELL, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] Prudential's "opinion" work product has already been excluded from production. "Fact" work product protects information relating to the case which is gathered in anticipation of litigation, while "opinion" work product consists primarily of an attorney's mental impressions, conclusions, opinions, and theories. Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1384 (Fla. 1994).