765 So.2d 196 (2000)
McRAE'S, INC., a Mississippi Petitioner,
v.
Douglas MORELAND and Paula Moreland, as natural parents and next friends of C.M., a minor, Respondents.
No. 1D99-2749.
District Court of Appeal of Florida, First District.
July 20, 2000.
Larry A. Matthews of Bozeman, Jenkins & Matthews, P.A., Pensacola, Attorney for Petitioner.
Timothy W. Shaw of Dewrell & Shaw, Ft. Walton Beach, Attorney for Respondents.
PER CURIAM.
In the cause before us, Petitioner McRae's, Inc. (McRae's) seeks certiorari *197 review of the trial court's order requiring disclosure of McRae's incident reports and employee witness statements regarding a "peeping tom" incident at one of its stores. McRae's objected to Respondents' discovery requests on the basis of work product. The trial court determined that any statements taken before law enforcement was contacted were not work product because they were not prepared in anticipation of litigation.
We hold that the trial court departed from the essential requirements of law in ordering production of the statements. At the time the statements were taken, it was foreseeable that litigation could arise from the incident. See Waste Management, Inc. v. Florida Power & Light Co., 571 So.2d 507 (Fla. 2d DCA 1990); Anchor Nat'l Fin. Servs., Inc. v. Smeltz, 546 So.2d 760 (Fla. 2d DCA 1989); see also Beverly Enterprises-Florida, Inc. v. Olvera, 734 So.2d 589 (Fla. 5th DCA 1999)(holding that nursing director's notes regarding investigation of a patient's injury were work product because they were "prepared in anticipation of possible litigation"); but see Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., Inc., 444 So.2d 595 (Fla. 4th DCA 1984)(holding that work product privilege attaches to documents prepared "in contemplation of litigation", not when prepared for "mere likelihood of litigation"). According to the affidavit of Petitioner's corporate director of loss prevention, statements were taken from employees in preparation for litigation by the terminated employee involved in the incident or by the girl who was changing in the dressing room at the time. These statements were maintained in McRae's corporate litigation file. Respondents presented no evidence to rebut Petitioner's affidavit.
In determining that the statements were not work product, the trial court did not evaluate whether Respondents made the requisite showing of need for the materials and undue hardship in obtaining a substantial equivalent sufficient to overcome this qualified privilege. See Fla. R. Civ. P. 1.280(b)(3). Therefore, we GRANT the petition for writ of certiorari, quash the trial court's order, and REMAND the cause for further proceedings consistent with this opinion.
BOOTH and LAWRENCE, JJ., CONCUR; DAVIS, J., DISSENTS WITH WRITTEN OPINION.
DAVIS, J., dissenting.
I respectfully dissent. I do not believe that the trial court departed from the essential requirements of law by concluding that any statements taken immediately subsequent to the incident, but before the police became involved, were not taken in contemplation of litigation, and by finding that any statements taken during this period were not protected by the work product privilege. See Cotton States Mut. Ins. Co. v. Turtle Reef Assoc., Inc., 444 So.2d 595, 596 (Fla. 4th DCA 1984). At the time the statement at issue was taken, there was, at best, a mere likelihood of litigation. See id. I would therefore deny the petition for writ of certiorari.