780 So.2d 239 (2001)
ALLSTATE INDEMNITY COMPANY, Allstate Insurance Company and Paul Cobb, Petitioners,
v.
Joaquin RUIZ and Paulina Ruiz, Respondents.
No. 4D00-2047.
District Court of Appeal of Florida, Fourth District.
February 14, 2001.
Rehearing Denied April 5, 2001.
*240 David B. Shelton and Lori J. Caldwell of Rumberger, Kirk & Caldwell, Orlando, for petitioners.
Henry A. Seiden of Henry A. Seiden, P.A., West Palm Beach, and Philip D. Parrish and Kathleen M. O'Connor of Russo Parrish Appellate Firm, Miami, for respondents.
PER CURIAM.
Allstate Indemnity Company, Allstate Insurance Company, and its agent, Paul Cobb, seek review of an order granting Joaquin and Paulina Ruiz's motion to compel discovery. Petitioners argue that the discovery is protected by the work product privilege. We grant relief in part.
The Ruizes purchased automobile insurance coverage from Allstate Indemnity for their Chevrolet Blazer. The following month Paulina Ruiz purchased an Oldsmobile Cutlass and instructed Agent Paul Cobb to add that vehicle to the policy. Cobb added the Cutlass, but deleted the Chevrolet Blazer. The Ruizes were not notified that the Blazer was no longer covered. The policy was later renewed, but the Blazer was not included in the policy's coverage.
Thereafter, Joaquin Ruiz, while driving the Blazer, was involved in an accident. He reported the accident to Cobb the following day and made a claim for collision coverage. Soon thereafter, Allstate Indemnity denied coverage, noting that the Blazer was not covered under the policy.
The Ruizes filed suit. Counts I and II of the complaint allege bad faith against Allstate Insurance and Allstate Indemnity in that they engaged in unfair claim settlement practices. Allstate Indemnity extended coverage the following month.
Noting that the coverage issue had been resolved, the Ruizes moved to compel production of certain documents, including Allstate Indemnity's claim and investigative file and materials, internal manuals, and Paul Cobb's file.
The trial court reviewed the discovery in camera. Thereafter, it entered an order finding that no work product or attorney client privilege was implicated and that the documents were relevant to Allstate's handling of the underlying claim.
Generally, an insurer's claim and litigation files constitute work product and are protected from production. See § 90.502, Fla.Stat., Fla.R.Civ.P. 1.280(b)(3); Am. States Ins. Co. v. Kransco, 641 So.2d 175 (Fla. 5th DCA 1994). The analysis differs however when an insurance company is sued for bad faith. See Continental Cas. Co. v. Aqua Jet Filter Sys., Inc., 620 So.2d 1141 (Fla. 3d DCA 1993); Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla.1989).
The production at issue has been filed under seal. We find no error with the order requiring Allstate to produce: (1) Cobb's statement of January 7, 1997; (2) the computer diaries and entries from the date Ruiz reported the accident on December 28, 1996 through January 10, 1997; and (3) the internal memorandum from adjuster Mary Jidy to her boss dated January 7, 1997.
Allstate argues that because the problem with coverage presented itself immediately, litigation was anticipated at the pertinent times associated with the above outlined discovery. See Prudential Ins. Co. of Am. v. Fla. Dep't. of Ins., 694 So.2d 772, 774 (Fla. 2d DCA 1997) (quoting Anchor Nat'l Fin. Servs., Inc. v. Smeltz, 546 *241 So.2d 760, 761 (Fla. 2d DCA 1989)). We reject that position as this court distinguishes between material prepared during the normal course of evaluating a claim and materials actually prepared "in anticipation of litigation." See Nationwide Mut. Fire Ins. Co. v. Harmon, 580 So.2d 192 (Fla. 4th DCA 1991)(citing Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., Inc., 444 So.2d 595 (Fla. 4th DCA 1984)).
In Cotton, we considered federal decisions as persuasive authority because Florida's rule of civil procedure pertaining to work product privilege is substantially similar to the federal rule. See Fed. R.Civ.P. 26(b)(3). See also Carver v. Allstate Ins. Co., 94 F.R.D. 131 (S.D.Ga.1982). According to Carver, the key inquiry is whether the probability of litigation is "substantial and imminent." 94 F.R.D. at 134.
We recognize that our position conflicts with decisions from other districts finding that statements are privileged and protected as work product when they were taken at a time when it was foreseeable that litigation would arise. See, e.g., Prudential, 694 So.2d at 774; McRae's Inc. v. Moreland, 765 So.2d 196 (Fla. 1st DCA 2000). We nevertheless adhere to our ruling in Cotton that work product privilege attaches to documents prepared in contemplation of litigation and not for "mere likelihood of litigation." Cotton, 444 So.2d at 596. Accordingly, we affirm the order insofar as it requires the items detailed above to be produced.
With respect to the other documents ordered for production and included in this petition, we find that they were prepared in anticipation of litigation and are protected from discovery. The Ruizes have not met their burden to overcome the protection of those documents by the work product privilege. See State Farm Mut. Auto. Ins. Co. v. LaForet, 591 So.2d 1143 (Fla. 4th DCA 1992).
We therefore partially grant the petition for writ of certiorari and remand this case for proceedings consistent with this opinion.
WARNER, C.J., STEVENSON and TAYLOR, JJ., concur.