883 So.2d 373 (2004)
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation, Petitioner,
v.
Harvey D. BENNETT, as Personal Representative of the Estate of Sandra L. Bennett, deceased, Respondent.
No. 4D04-606.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
Rehearing Denied October 28, 2004.
Janis Brustares Keyser of Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., West Palm Beach, for petitioner.
Michael B. Davis of Paxton & Smith, P.A., West Palm Beach, for respondent.
PER CURIAM.
Liberty Mutual seeks certiorari review of an order requiring production of part of its file, in this statutory bad faith action, arguing it is work product. The trial court adopted the special master's recommendation that Liberty Mutual did not begin to treat the claim as one for bad faith until it *374 forwarded the file to a lawyer to defend the bad faith claim, citing Allstate Indemnity Company v. Ruiz, 780 So.2d 239 (Fla. 4th DCA), rev. granted, 796 So.2d 535 (Fla.2001). The court required the production of the file predating that event.
In Ruiz we relied on our earlier decision in Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984), explaining:
In Cotton, we considered federal decisions as persuasive authority because Florida's rule of civil procedure pertaining to work product privilege is substantially similar to the federal rule. See Fed.R.Civ.P. 26(b)(3). See also Carver v. Allstate Ins. Co., 94 F.R.D. 131 (S.D.Ga.1982). According to Carver, the key inquiry is whether the probability of litigation is "substantial and imminent." 94 F.R.D. at 134.
We recognize that our position conflicts with decisions from other districts finding that statements are privileged and protected as work product when they were taken at a time when it was foreseeable that litigation would arise. See, e.g., Prudential, 694 So.2d at 774; McRae's Inc. v. Moreland, 765 So.2d 196 (Fla. 1st DCA 2000). We nevertheless adhere to our ruling in Cotton that work product privilege attaches to documents prepared in contemplation of litigation and not for "mere likelihood of litigation." Cotton, 444 So.2d at 596. Accordingly, we affirm the order insofar as it requires the items detailed above to be produced.
Ruiz, 780 So.2d at 241.
Liberty Mutual argues that the work product privilege should have attached five months earlier, when counsel for claimant informed Liberty Mutual that if it did not settle within the policy limits, a lawsuit would be filed which would include a claim for bad faith. Applying Ruiz, we conclude that the finding that bad faith litigation did not become substantial and imminent until Liberty Mutual forwarded its file to counsel to defend the bad faith claim is not a departure from the essential requirements of law. We accordingly deny the petition.
SHAHOOD and HAZOURI, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree with the majority because we are bound by Ruiz. I question the correctness of Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984), which we followed in Ruiz. My concern with Cotton States is with the emphasized sentence in the following paragraph:
The work product privilege attaches to statements and materials prepared by a party's investigator or insurer only if these were prepared in contemplation of litigation. See Alachua General Hospital, Inc. v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981); Shawmut Van Lines, Inc. v. Small, 148 So.2d 556 (Fla. 3d DCA 1963). Mere likelihood of litigation does not satisfy this qualification. Because the applicable rule, Florida Rule of Civil Procedure 1.280(b)(2), closely resembles Federal Rule of Civil Procedure 26(b)(3), we look to federal case law for guidance. [emphasis added.]
Cotton States, 444 So.2d at 596.
That sentence, which is not supported by authority, conflicts with decisions of our sister courts, which, as we noted in Ruiz, have held that "statements are privileged and protected as work product when they were taken at a time when it was foreseeable that litigation would arise." Ruiz, 780 So.2d at 241 (citing Prudential Ins. Co. of Am. v. Fla. Dep't. of Ins., 694 So.2d 772, 774 (Fla. 2d DCA 1997); McRae's Inc. v. Moreland, 765 So.2d 196 (Fla. 1st DCA 2000)).
*375 The view we have adopted, from Carver v. Allstate Insurance Co., 94 F.R.D. 131 (S.D.Ga.1982), that the probability of litigation must be "substantial and imminent," was rejected by the Fifth Circuit Court of Appeals in United States v. Davis, 636 F.2d 1028, 1040 (5th Cir.Tex.1981):
It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. See Kent Corp. v. NLRB, 5 Cir. 1976, 530 F.2d 612, 623, cert. denied, 1976, 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287; In re Grand Jury Investigation (United States), 3 Cir.1979, 599 F.2d 1224, 1229. We conclude that litigation need not necessarily be imminent, as some courts have suggested, see, e.g., Home Insurance Co. v. Ballenger Corp., N.D.Ga.1977, 74 F.R.D. 93, 101; In re Grand Jury Investigation (Joseph B. Sturgis), E.D.Pa.1976, 412 F.Supp. 943, 948, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation. See Osterneck v. E.T. Barwick Industries, Inc., N.D.Ga.1979, 82 F.R.D. 81, 87, citing 8 C. Wright & A. Miller, Federal Practice and Procedure s 2024, at 198 (1970).
I believe that Davis is correct, but somehow this court, starting with Cotton States got off track. I am not suggesting that we recede from Cotton States and Ruiz because the Florida Supreme Court has granted review in Ruiz, and heard oral argument on March 5, 2002. The conflict should accordingly be resolved soon. Liberty Mutual can seek review of our decision which is based on Ruiz.