WARNER, J.,
dissenting.
I disagree with the majority opinion that the Quarterly Safety Reports were protected work product. These reports were used to promote safety and to determine whether proper maintenance was being done at the mall. The reports, as opposed to individual incident reports, were not made in anticipation of litigation: See, e.g., Liberty Mut. Fire Ins. Co. v. Bennett, 883 So.2d 373, 374 (Fla. 4th DCA 2004) (documents are not work product unless they are prepared when the probability of litigation is “substantial and imminent”), quashed on other grounds by Liberty Mut. Fire Ins. Co. v. Bennett, 905 So.2d 119 (Fla.2005); Allstate Indent. Co. v. Ruiz, 780 So.2d 239, 241 (Fla. 4th DCA 2001), quashed on other grounds, 899 So.2d 1121 (Fla.2005); Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., Inc., 444 So.2d 595, 596 (Fla. 4th DCA 1984) (documents are work product only if they were prepared “in contemplation of litigation,” and the “[m]ere likelihood of litigation does not satisfy this qualification.”). Even the reports at issue in Publix Super Markets, Inc. v. Anderson, 92 So.3d 922, 923 (Fla. 4th DCA 2012), quoted in the majority, were incident reports about the particular slip and fall in litigation in that case. Here, there is no evidence that the quarterly reports meet this test.
Moreover, even if the quarterly reports could be considered work product, the enactment of section 768.0755, Florida Statutes, concerning premises liability for transitory foreign substances in a business establishment, should make them discoverable. Enacted at the behest of commercial interests, that statute requires an injured person to prove “that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.” § 768.0755(1), Fla. Stat. (2010). The injured person may prove constructive knowledge with circumstantial evidence showing:
(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
(b) The condition occurred with regularity and was therefore foreseeable.
Id. In this case, although the respondent requested that the mall preserve the video of the incident, which could have shown how long the dangerous condition had existed, the video was not available. Thus, respondents must show that “the condition occurred with regularity and was therefore foreseeable.” The quarterly reports could shed light on this issue, and the other information available to the respondent would not satisfy this need.[1]
*1278 The trial court conducted an in camera inspection of these reports before ordering their production. I too have reviewed these reports. I concur with the trial court that they are discoverable and not protected by work product.

. Production of such reports might show a plaintiff that there is no constructive knowledge case to be made and may prompt settlement or dismissal of slip and fall suits.